### N. B. CALHOUN v. I. V. STARK, GUARDIAN.

Delivered March 4, 1896.

1.  **Practice on Appeal—Assignment of Error—Brief.**
 An assignment of error which is not copied into the brief of the appellant will not
be considered

2.  **Trespass to Try Title and Partition—Rents Offset Against Value of Improvements—Immaterial Error in Judgment.**
 Where, in an action of trespass to try title and for partition, the verdict and judg-
ment charged the defendant with a larger amount of rent than he was liable for, but
allowed him as against such rent a larger sum for the value of improvements than
he was entitled to, the difference in the errors being in his favor, he could not be
heard to complain.

3.  **Same—Cotenants—Liability of Minor for Improvements.**
 In an action for partition, a cotenant who is a minor, being incapable of consent-
ing to the erection of improvements upon the joint estate, cannot be charged there-
with.

4.  **Same—Liability of Surviving Husband for Rents.**
 Where the homestead farm was the separate property of the wife and her children
by a former marriage, and she died after the crops for that year were about matured,
the husband, continuing to occupy and use the premises, is liable to such children,
if not for rent, for their community share of the products of the farm for such year.

5.  **Same—Demand Upon Cotenant not Necessary.**
 It was not erroneous, under the circumstances of the case just stated, to charge
the husband with rents for two years; nor did he occupy such a relation to the chil-
dren of his wife as would entitle him to a demand for posesssion before he became
liable for rent.

APPEAL from Grayson. Tried below before Hon. Don A. BLISS.

*Chas. R. Crenshaw*, for appellant.—1. One tenant in common, is
not liable for rent of premises occupied by him until demand for the
possession is made by his joint tenant. Pressley's Heirs v. Robinson,
57 Texas, 458; Putnam v. Young, 57 Texas, 464; Horn v. Arnold, 52
Texas, 161; 2 Am. and Eng. Ency. of Law, 1100; Thompson v. Jones,
77 Texas, 629.

 2. Possession of the premises were not demanded by the plaintiff or
his wards, but this suit was filed on June 26, 1893, after the greater por-
tion of the crop raised on said premises for said year was matured, and
claimed title to the whole of the said premises. Sayles' Civ. Stats., art.
2851; Pressley's Heirs v. Robinson, 57 Texas, 459; Putnam v. Young,
57 Texas, 464; Furrh v. Winston, 66 Texas, 521; Thompson v. Jones,
77 Texas, 629; Tevis v. Collier, 84 Texas, 633; Bond v. Hill, 37 Texas,
627; Cravens v. Bower, 27 S. W. Rep., 422; Robinson v. Moore, 1
Texas Civ. App., 93; Sanborn v. Deal, 3 Texas Civ. App., 385; 2 Am.
and Eng. Ency. of Law, 1100, 1109.

*Allison Mayfield* and *Jesse F. Holt*, for appellee.

FLY, ASSOCIATE JUSTICE.—Appellee, as guardian of the estate of I.
Q. and J. A. L. Poindexter, minors, sued appellant for 102½ acres of

land, together with rent thereon for two years at the rate of $280 per annum, and there was a prayer in the alternative for a partition of the land, setting up the interest of the parties. A writ of injunction was also obtained to prevent appellant from appropriating the crops of 1894, on the grounds of his insolvency. Special issues were submitted to the jury, and upon their answers the court rendered judgment and filed his conclusions of law.

The answers of the jury show that the $102\frac{1}{2}$ acres of land were bought by J. H. Poindexter for $1025, of which sum $425 belonged to Poindexter and his wife, M. V. Poindexter, the balance being paid out of his separate estate. During 1880, Poindexter built a house on the land, and on December 5, 1880, married M. V. Murphy and moved into it. During their marriage, the two children above named were born to them, and were the only children of Poindexter. After the death of Poindexter, which occurred in 1882, Mrs. Poindexter remained on the land and used it as a home, and in 1887 married N. B. Calhoun, the appellant. She died February 27, 1893, leaving no children except the two by Poindexter. Poindexter and wife put improvements on the land that enhanced its value in the sum of $820; Mrs. Poindexter made improvements that enhanced the value of the land in the sum of $717.50, and N. B. and M. V. Calhoun put up improvements with community money that enhanced the value of the land in the sum of $512.50. After the death of Mrs. Calhoun, appellant lived on the land during 1893 and 1894. The rental value was $4 per acre. Appellee was the legally appointed guardian of the estate of the minors. The debts of the estate were paid off by Calhoun with money belonging to the community estate. There was no administration. The jury found that the injunction was obtained without cause, and assessed appellant's damages at $46.

The first assignment of error, not being copied in the brief, will not be considered.

The only error assigned is in regard to the amount of rents allowed by the court for 1893.

The jury found that the land was bought during the marriage of Mrs. Calhoun with Poindexter who afterwards died. The land cost $1025, of which sum, $425 was paid out of the community funds of Poindexter and wife. The latter therefore acquired a community interest in $40\frac{5}{16}$ acres of the land, or $20\frac{5}{20}$ acres. The court decreed to appellant a homestead interest in $10\frac{1}{2}$ acres, and a life interest in $3\frac{1}{2}$ acres of the $10\frac{1}{2}$ acres. There is no objection made to this part of the judgment by appellant. In addition to giving the homestead and life interest, the trial judge treated the improvements put on the land as personal property and gave appellant one-third of the value of one-half of the improvements made by Poindexter and wife, one-third of the value of the improvements put on the land by Mrs. Poindexter after her first husband's death, and one-half the value of the improvements put on the land by appellant and Mrs. Poindexter after their marriage. The sums

allowed him as improvements amounted to $632.05, which, together with the $46 damages allowed for suing out the injunction, amounted to $678.05, which deducted from the amount allowed for rent, $720, left due by appellant, $41.95. Appellee claimed in his petition that the total rental value of the land was $280 per annum, and should have recovered for his wards' part of the rent $45.48, but appellant is in no attitude to complain of the amount allowed for rent, for if he had been allowed only the amount in offset to which he was entitled, the judgment, on the basis of the amount of rent claimed in the petition, would have been much larger than it is. In other words, we are of the opinion that when appellant got his share of the land there went with it a pro rata of the enhanced value given to the land by the improvements, and he was not entitled to recover for the improvements as though they were personal property.

It was not erroneous to charge appellant with rent for two years, and he did not occupy such a relation to the children of his wife as to be in a position, as a joint-tenant with them, to a demand for possession before he became liable for rent. The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

FLY, Associate Justice.—There being no assignment copied in the brief that presents the error complained of in the first ground on the motion for rehearing, it cannot be entertained.

We are of the opinion that if there was error in rendering a judgment for the rent of 1893 (all that is complained of in the brief of appellant), appellant was not injured by it, for the reason that he received credit for sums expended in improvements on the place that he was not entitled to, and the judgment against him should have been for a larger amount than it was. Upon what principle of law or justice appellant should have been credited with one-third of one-half of the improvements put upon the land by his wife and her first husband is inconceivable to us, and what renders it more unaccountable is the fact that appellant in his pleadings did not claim anything for those improvements. There can be no doubt, therefore, that the $136.65 allowed appellant on those improvements was not supported by law, facts or pleading.

After the death of Poindexter his children became the owners of one-half of the estate acquired by him and his wife. If the mother and the children first, and then the mother, stepfather and children, became tenants in common in the estate, the children being minors and incapable of consenting to the erection of improvements, could not be charged with the same, whether made with community or separate funds. "Neither cotenant has any power to compel the others to unite with him in erecting buildings, or in making any other improvements upon the common property. If either chooses to make such improvements, he can-

not recover from the others for their share of the expenses incurred thereby, in the absence of an express agreement on their part, or of such circumstances, or such a course of dealing between the parties as convinces the court that a mutual understanding existed between them that these expenses were to be repaid." Freeman, Coten., sec. 262; Thurston v. Dickinson, 46 Am. Dec., 56; Hancock v. Day, 36 Am. Dec., 293; Walter v. Greenwood (Minn.), 12 N. W. Rep., 145. The proposition above stated is recognized and approved in Torrey v. Martin, 4 S. W. Rep., 642.

It may be that the making of such improvements in a proper case, would confer upon the cotenant an equity which a court of equity would protect by setting apart to him in partition the portion of the land upon which the improvements are situated, when this could be done without detriment to the other cotenants, and this has been done in this case, as it appears that a large portion of the improvements are on the house which is given to appellant for a homestead. It may be said, however, that after the death of Poindexter, Mrs. Poindexter had, in addition to her half, a life estate in the whole of the land, the same being her homestead, and that therefore the doctrine above enunciated as to tenants in common would not apply; but the rule is recognized that the remainderman is not chargeable with the expenses of improvements made by a tenant for life. Thurston v. Dickinson, 46 Am. Dec., 56.

If a surviving wife can charge the estate of her children with improvements made by her on their joint estate, the improvements could be made so extensively that the whole of the minors' property would be absorbed in improvements, and they powerless to protect themselves. If it be admitted that Calhoun was not responsible as a tenant in common for the rents of 1893, still it would seem that he would be responsible for the children's share of the products of the farm sold by him. King v. Bock, 80 Texas, 156.

By the judgment of the court appellant not only obtained judgment for the amounts expended by the husband who preceded him, and also for those improvements made by the widow and by himself, but he is given the use of a large portion of those same improvements as long as he may live, or may desire to use them. He has no just ground for complaint. The motion for rehearing is overruled.

*Overruled.*

Writ of error refused.