[4] 3. The court failed to instruct the jury in regard to the admission of the above impeaching testimony and limit its effect to impeachment. Exception was reserved to this failure of the court. We are of opinion that this was error. Oliver v. State, 33 Tex. Cr. R. 541, 28 S. W. 202;. Sexton v. State, 33 Tex. Cr. R. 416, 26 S. W. 833; Hargrove v. State, 33 Tex. Cr. R. 431, 26 S. W. 993; Mahoney v. State, 33 Tex. ·Cr. R. 388, 26 S. W. 622; Warren v. State, 33 Tex. Cr. R. 502, 26 S. W. 1082; Jackson v. State, 33 Tex. Cr. R. 281, 26 S. W. 194, 47 Am. St. Rep. 30; Hutton v. State, 33 S. W. 970.

4. It is urged, also, that a charge on the subject of manslaughter should have been given. If the facts upon another trial are the same as developed by this record, we are of opinion this issue should be submitted to the jury.

The judgment is reversed, and the cause is remanded.

---

### BURNS v. PARKER et al.

(Court of Civil Appeals of Texas. Dallas. April 22, 1911.)

1. TRESPASS TO TRY TITLE (§ 41*)—EVIDENCE —SUFFICIENCY.

Evidence in trespass to try title *held* to sustain the judgment as. to title.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 62, 63; Dec. Dig. § 41.*]

2. HOMESTEAD (§ 181*)—ABANDONMENT—EVIDENCE—SUFFICIENCY.

Evidence *held* to support a finding of abandonment of part of a homestead.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 351–353; Dec. Dig. § 181.*]

3. TRESPASS TO TRY TITLE (§ 53*)—RENTS— RIGHT TO RECOVER.

A successful plaintiff in trespass to try title was properly denied recovery for rents, where no formal demand for possession was made or refused.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 85, 86; Dec. Dig. § 53.*]

4. LIFE ESTATES (§ 17*)—IMPROVEMENTS BY LIFE TENANT—RIGHT TO RECOVER.

Improvements made on land by a life tenant are presumed to be a gratuity to the remainderman, precluding the tenant from recovering therefor on partition of interests.

[Ed. Note.—For other cases, see Life Estates, Cent. Dig. §§ 37, 38; Dec. Dig. § 17.*]

5. HUSBAND AND WIFE (§ 129*) — WIFE'S SEPARATE PROPERTY.

That a wife permitted a strip of land owned individually by her in a city to be platted and used by the tenants occupying adjoining lots owned by her husband did not affect her separate title as against the husband's heir.

[Ed. Note.—For other cases,. see Husband and Wife, Cent. Dig. §§ 468–470; · Dec. Dig. § 129.*]

6. HUSBAND AND WIFE (§ 272*)—COMMUNITY PROPERTY—IMPROVEMENT BY WIFE—RIGHT TO REIMBURSEMENT.

On partition of a community estate, a widow was entitled to reimbursement for money expended by her in improving it.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1003–1007; Dec. Dig. § 272.*]

7. PARTITION (§ 85*)—IMPROVEMENTS—REIMBURSEMENT.

A tenant in. common, having improved land without intending to embarrass his cotenant, is entitled on partition to have the improvements set apart to him, if it can be done in justice to the cotenant; otherwise, he is entitled to compensation.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 236–245; Dec. Dig. § 85.*]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Action by Ernest L. Burns, by his guardian, against Jennie E. Parker and husband. From the judgment, plaintiff appeals. Partly affirmed, and partly reversed and remanded.

This is an action in statutory form of trespass to try title, filed in the district court of Dallas county by Ernest L. Burns, a minor, per J. H. Burns, his guardian, plaintiff and appellant, to recover of Jennie E. Parker and her husband, W. B. Parker, appellees, certain lots of land and the improvements thereon and the rents of same, situated in the city and county of Dallas, Tex. There was a trial before the court without a jury, and judgment rendered for plaintiff for the lots; but he was denied a recovery for the improvements standing thereon and for the rents, and he prosecutes this appeal.

The appellant, Ernest Burns, is the adopted son of Theodore Nussbaumer and his wife, Jennie Nussbaumer, now Jennie E. Parker, appellee. During the lifetime of Theodore Nussbaumer, he acquired by gift from his mother one acre of land in the city of Dallas, which he and his wife occupied as their homestead. This land fronts 150 feet on the northwest side of Chestnut street, and runs back 291½ feet, the width of its front, on the north line of Dawson street. Theodore Nussbaumer died in 1902, and after his death his wife continued to occupy the property as her homestead. It was 26 feet from its extreme rear end to College street, which street runs parallel with Chestnut street. Mrs. Nussbaumer acquired this. 26..feet, extending 150 feet along College street, as her separate property. Her homestead at the time of the trial consisted of that part of the original homestead lying in the northeast corner of the same, and fronting 100 feet on

Chestnut street, and extending back, along the north side of Dawson street, the width of its front, 191½ feet, upon which her residence is situated. The 150x100-foot lot, in the rear of her present homestead and of the 50x100-foot lot upon which a rent house had been erected, was divided in three lots, each 50 feet wide; and by platting the strip, 26x150 feet, owned by Mrs. Nussbaumer individually, these three lots were made to front on College street, and houses were erected thereon for renting purposes; about two feet of each of said houses being upon the 26x150 feet. These houses, as also the house on lot A, were erected by Mrs. Nussbaumer out of her separate funds.

Theodore Nussbaumer and Mrs. Nussbaumer acquired title jointly to a tract fronting 50 feet on Chestnut street and running back the width of its front along the south line of Dawson street to College street, which tract is now known as lots 1 and 8, of block 3, of Nussbaumer's addition to the city of Dallas. The location of the property and the manner in which it is subdivided may be gathered by an examination of the map as follows:

☞ **The red line, referred to in statement of case, is indicated on the plat by the dotted lines.**

The original homestead is shown by the red line. The parts of the original homestead abandoned by appellee Mrs. Parker are shown by lots A, B, C, and D. Judgment was rendered giving Ernest L. Burns a fee-simple title to all of the original Theodore Nussbaumer homestead, and giving him immediate possession of said four lots. The judgment awards to Mrs. Parker the possession of that part of the original homestead not abandoned by her, and adjudges to her the absolute ownership of all the improvements on said four lots, A, B, C, and D, as her separate property. It stipulates that said lots should be partitioned between plaintiff and defendant, giving to E. L. Burns, if the same can be justly and fairly done, his two-thirds covering that part which does not include the improvements, and to defendant Jennie E. Parker her one-third covering the improvements; but, if the two-thirds so allotted to Ernest L. Burns should embrace one or more of the cottages thereon, then de-

fendant Jennie E. Parker may be allowed to remove the cottages therefrom under the court's direction. Ernest L. Burns and Mrs. Jennie E. Parker are each adjudged to own an undivided one-half of lots 1 and 8, of block 3, of Nussbaumer's addition to the city of Dallas. It was adjudged that defendant Mrs. Jennie E. Parker owns as her own separate property the improvements upon said lots 1 and 8, and on partition the same should be set off to her, if practicable; but, if the same cannot be set off, then upon any sale made for partition she should be allowed pro rata therefor.

Morris & Pope, for appellant. Geo. A. Titterington, for appellees.

BOOKHOUT, J. (after stating the facts as above). [1] 1. The judgment as to the title to the land is correct.

[2] 2. We cannot, however, approve of the judgment in reference to the improvements. Mrs. Nussbaumer, now Mrs. Parker, erected rent houses on the lots A, B, C, and D shown on the map to get an income to pay taxes, insurance, and the support of the family. She testified she had no intention of abandoning any part of the homestead by doing so. Since that time she has only occupied for homestead purposes that part of the original homestead lying in the northeast corner of the same and fronting 100 feet on Chestnut street and extending back the width of its front along the north side of Dawson street 191½ feet, upon which the residence is situated. A house was erected for rental purposes on a lot beginning at the northwest corner of the present homestead lot; thence running south, with the line of Chestnut street, 50 feet; thence eastwardly, parallel with Dawson street, 191½ feet; thence northwardly, at right angles to Dawson Street, 50 feet, to the north boundary line of the original Nussbaumer homestead; thence westwardly, 191½ feet, to the place of beginning. The front part of this lot is not inclosed, and it is not separated from the home lot by any fence. At the rear of the lot, extending from the back end thereof, between said lot and the present home lot, the fence reaches nearly to the rear of the house, and from this point runs across the lot northwesterly to its northwest line, and helps to inclose a cow lot used by the occupants of the rent cottage. A fence runs entirely across the home lot east and west, separating the three lots, B, C, and D from the rest of the home lot, and they are separated from each other by a fence. The evidence was sufficient to support the court's finding that Mrs. Nussbaumer had abandoned, as a homestead, all that part of the original homestead, except the 100x191½ feet upon which the residence is situated. Wynne v. Hudson, 66 Tex. 1, 17 S. W. 110; Langston v. Maxey, 74 Tex. 155, 12 S. W. 27; Blackburn v. Knight, 81 Tex. 326, 16 S. W. 1075.

[3] 3. There was no error in refusing to award appellant anything for rents. It was not shown that appellant or his guardian had ever made formal demand to be admitted in the possession, and that such possession had been refused.

[4] 4. The court adjudged the title to the four lots segregated from the homestead, and on which rent houses were built, to appellant, subject to Jennie E. Parker's use of one-third of same for life, and adjudged the houses on these four lots to belong to Jennie E. Parker, and ordered partition of same, and, if not susceptible of partition, the right to remove the houses from the lots. The court ·correctly adjudged the title as to these four lots; but the court was in error in adjudging title in Mrs. Parker in the houses thereon, and allowing the re: moval of the houses from the lots. These houses having been erected by Mrs. Parker on land in which she only had an estate of one-third for life, and in which Ernest Burns was the absolute owner of the fee, subject to the life estate, they could not be removed by her from the land. Mrs. Parker must have known, at the time of the erection of the houses, that after her death the property would become the absolute property of Ernest Burns, the remainderman; and it must be held that she intended the improvements as a gratuity to him. The court should have ordered these four lots partitioned between Mrs. Parker and Ernest Burns, giving her a one-third interest therein during her life, without regard to the improvements. Clift v. Clift, 72 Tex. 144, 10 S. W. 338; Dearing v. Jordan, 130 S. W. 876; Calhoun v. Stark, 13 Tex. Civ. App. 60, 35 S. W. 410; Thurston v. Dickinson, 2 Rich. Eq. (S. C.) 317, 46 Am. Dec. 56.

[5] 5. The court did not err in refusing to partition the 26 feet by 150 feet between appellant and Mrs. Parker. This property was the individual property of Mrs. Parker, and the fact that she had permitted it to be platted and used by the tenants occupying lots B, C, and D, as shown by the map, did not convey title thereto, or render the same subject to partition.

[6] 6. Lots 1 and 8, in block 3, were conveyed to Theodore Nussbaumer and his wife, Jennie E. Nussbaumer, during their marriage, and they owned the same as community property. During the lifetime of Theodore Nussbaumer, Mrs. Jennie E. Nussbaumer erected out of her separate funds two houses thereon; one being on lot 1, fronting on Chestnut street, and one on lot 8, facing College street. The house still stands on lot 1. But the house on lot 8 burned after the death of Theodore Nussbaumer, and Mrs. Nussbaumer rebuilt it out of the insurance money, which insurance money was her separate .property. It burned a second time, and she again rebuilt it out of her separate funds.

Appellant contends that the court erred in not awarding him an undivided interest in the house on lot 1, block 3, since, having awarded him a half interest in the lot, the improvements thereon go with it. This contention is not sustained. The house on· this lot was erected during the lifetime of Theodore Nussbaumer out of the separate funds of his wife upon their community property, and upon partition of the community·estate between her and the heir of the deceased member of the community she was entitled to be reimbursed for the money expended by her in improving the same. She was entitled, upon partition, to be reimbursed the amount the community property of herself and deceased husband was enhanced by such improvements. Clift v. Clift, supra.

[7] No contention is made that the wife was not entitled to recover for the improvements on lot 8, block 3.· The house on that lot had burned and was rebuilt after the death of Theodore Nussbaumer, and at a time when Mrs. Parker and appellant, Burns, owned the lot as ·tenants in common. A tenant in common has the right reasonably to improve the land on which he is such tenant, and to be reimbursed for the expense on partition, provided the improvements were not placed upon it for the purpose of embarrassing the cotenant in the assertion of his rights. A tenant in common, who has improved the land, not for the purpose of embarrassing his cotenant, is entitled to have such improvements set apart to· him, providing it can be done in justice to his cotenant. If this cannot be done, then he is entitled to compensation for the same in the partition. Whitmire v. Powell (Sup.) 125 S. W. 890; Robinson v. McDonald, 11 Tex. 385, 62 Am. Dec. 480.

If lots 1 and 8, block 3, cannot be partitioned so as to. give Mrs. Parker the improvements thereon, then the lots should be sold, and out of the proceeds Mrs. Parker should be paid the amount the lots were enhanced in value by the improvements placed by her thereon, and the remainder equally divided between appellant and appellee.

The judgment is affirmed as to the title to the property, but reversed and remanded to be partitioned in accordance with this opinion.

Affirmed in part, and reversed and remanded in part.