MONROE P. KERR v. D. & A. OPPENHEIMER.

Decided December 21, 1898.

1. **Evidence—Certified Copy of Judgment.**

Certified copy of a judgment and execution under which land was sold and which form a link in a party's chain of title are admissible irrespective of the statute making duly recorded instruments admissible, and need not be filed three days before the trial as required by the statute.

2. **Same.**

The proper method of proving a judgment in the district court of another county is by a certified copy of the record.

**3. Trespass to Try Title—Evidence—Sheriff's Deed.**

Purchasers of land at judicial sale may in trespass to try title introduce the sheriff's deed under which they claim as against a grantee of the defendant in execution who fails to show that he is a bona fide purchaser.

**4. Innocent Purchaser—Fraud.**

It is incumbent on a defendant charged with having taken his deed without consideration and to enable his insolvent grantor to defraud his creditors to show himself a bona fide purchaser for value against the claims of the creditors.

**5. Homestead Subject to Execution After Abandonment.**

Homestead property conveyed after abandonment by an insolvent debtor to a member of his family for the purpose of defrauding his creditors may be subjected to a judgment therefor recovered against him.

ERROR from La Salle. Tried below before Hon. M. F. LOWE.

*C. C. Thomas,* for plaintiff in error.

*Lane & Hicks,* for defendant in error.

NEILL, ASSOCIATE JUSTICE.—Defendant in error brought this suit on the 26th day of September, 1896, in the ordinary form of an action of trespass to try title against the plaintiff in error, Monroe T. Kerr, to recover a parcel of land situated in the town of Cotulla, La Salle County, Texas.

The plaintiff in error (defendant below) answered by pleading not guilty, and specially, that he is the owner in good faith of the premises sued for; that he purchased the same from M. P. Kerr and his wife, M. J. Kerr, by deed of date November 4, 1895, and that the land sued for was at the date of its purchase the homestead of the said vendors. He prayed to be discharged with his costs, and for an order of the court canceling the sheriff's deed under which defendants in error (plaintiffs below) claimed title for the premises in controversy.

To this answer plaintiffs below, by supplemental petition, replied by denying all its allegations. They further replied to said special answer by alleging that at the time the alleged deed was made by M. P. and M. J. Kerr to plaintiff in error, they, defendants in error, were judgment creditors of the grantor, M. P. Kerr, in said deed, and that abstracts of their judgment against M. P. Kerr were duly filed in the office of the county clerk of La Salle County on the 7th day of May and the 9th day of March, 1891, and recorded and indexed, as required by statute, and said judgments thereby became a lien on the premises in controversy, and that an execution issued on each of said judgments within twelve months from the date of their rendition; that neither judgment has been satisfied, and that both are valid and subsisting; that on the 1st day of January, 1890, M. P. Kerr and his wife abandoned said premises as their homestead, if they ever claimed it as such, and moved with their family to the town of Laredo, where he resided about eighteen months, and then moved with his family and permanently located in the town of Eddy, Territory of New Mexico, where he is

now and has ever since been engaged in the business of a merchant. That plaintiff in error is a son of M. P. and M. J. Kerr, and a member of their family, and knew of the existence of said judgment when he accepted said deed from his father and mother for the premises involved in this suit, and that his father was insolvent. That no consideration was paid by plaintiff in error for said land, and that the deed to him was made by M. P. Kerr for the purpose of hindering, delaying, and defrauding his creditors, and that plaintiff in error accepted it, knowing the purpose for which it was executed.

To this supplemental petition, plaintiff in error replied by a general denial.

The cause was tried by the court without a jury, and judgment rendered in favor of defendant in error for the land in controversy, together with $75 for rent. From which judgment this writ of error is prosecuted.

*Conclusions of Fact.*—1. On the 2d day of March, 1891, defendants in error, D. & A. Oppenheimer, recovered a judgment in the District Court of Bexar County, Texas, against M. P. Kerr and M. J. Kerr, for the sum of $3841.20. On the 22d of March, 1891, in the same court, they recovered judgment against same parties for $3841.20. Abstracts of each judgment were filed, indexed, and recorded in the county clerk's office of La Salle County on the 6th day of March, 1891. An execution was issued on each within twelve months from the date of its rendition. Each judgment remains unsatisfied, though a small amount, not sufficient to pay interest and costs, was collected on one of them by execution.

2. On the 15th day of July, 1896, an execution was issued out of the District Court of Bexar County, Texas, on the judgment first above mentioned, and directed to the sheriff or any constable of La Salle County, Texas, and was on the 14th day of July, 1896, by the sheriff of La Salle County, levied upon the property in controversy, which property, after being duly advertised for sale by said sheriff by virtue of said execution, was on the 14th day of August, 1896, duly sold by said sheriff, by virtue of said execution, to defendants in error for the sum of $125, and deed made by the sheriff to them, conveying them the right, title, and interest which M. P. Kerr and M. J. Kerr had in said premises on the 14th day of July, 1896, which deed was duly acknowledged and recorded in the office of the county clerk of La Salle County.

3. John A. Kerr conveyed the premises in controversy to M. P. and M. J. Kerr by deed in 1883, which deed was duly acknowledged and recorded in La Salle County. M. P. Kerr and M. J. Kerr by their deed of the 4th of November, 1895, conveyed said land to plaintiff in error, which deed is duly recorded in the records of deeds in La Salle County.

4. In the summer or fall of 1891 M. P. Kerr and his family moved

to the town of Eddy, Territory of New Mexico, and have ever since remained there, and were there when this case was tried in the court below. Prior to the 16th day of January, 1890, M. P. Kerr and his family occupied the premises in controversy as their homestead, but since that date they have not resided in Cotulla. M. P. Kerr and his wife had, for at least three years prior to the date of their deed of November 4, 1895, to plaintiff in error, abandoned the premises in controversy as their homestead, and when they executed said deed were residing in the Territory of New Mexico, and there is no evidence tending to show that M. P. Kerr or his wife, after abandoning said premises, ever intended to return to Cotulla and occupy it as their homestead. At the time said deed was executed to plaintiff in error, M. P. Kerr was, and had long prior thereto been, insolvent, having no property in this State, save the premises in controversy, subject to his debts.

*Conclusions of Law.*—The introduction in evidence of certified copies of the judgments, referred to in our conclusions of fact, by defendant in error was objected to by plaintiff in error upon the grounds, first, that such copies had not been filed among the papers in the cause; and second, that they were incompetent and immaterial as evidence, unless fraud had first been established on the part of plaintiff in error in his purchase of the property in controversy. The overruling of these objections is assigned as error.

The duly certified copies from the record to the District Court of Bexar County of the judgments rendered in said court were admissible in evidence, without the aid of the statute making duly recorded instruments admissible, and consequently were not affected by the proviso requiring such instruments to be filed three days before the commencement of trial. McDaniel v. Weiss, 53 Texas, 257. When the purpose is to establish the fact that a judgment was pronounced, and the legal consequences which result from that fact, the judgment is always admissible in evidence for that purpose, even as against a stranger. McCammant v. Roberts, 66 Texas, 263. The judgment and execution and return thereon were essential links in defendants in error's chain of title, and they were as much admissible in evidence against plaintiff in error to establish title as would be a deed in a plaintiff's chain of title to which defendant was not a party. As the judgment record of Bexar County could not be produced in the District Court of La Salle County, a certified copy, from the court where rendered, of the judgment was the proper method of proving it.

The plaintiff in error objected to the introduction in evidence of the deed from the sheriff of La Salle County, conveying to defendants in error the property in controversy, upon the grounds that at the date of the sheriff's sale of the land it was the property of plaintiff in error, who had acquired it on a bona fide purchase, for a valuable consideration, prior to the date of said deed, and that the property was then the homestead of M. P. Kerr and wife, and not subject to forced sale. These

objections were overruled, and the ruling of the court is assigned as error.

The sheriff's deed was unquestionably admissible in evidence. If, plaintiff in error was a bona fide purchaser of the land in controversy for value, it was incumbent upon him to show that he was such purchaser. He introduced no evidence to show that he paid any consideration whatever for the premises. He did not even introduce his own deed from M. P. Kerr and wife, but refused, after he had been duly notified by defendants in error, to produce it in court that it might be introduced in evidence by them, and they, to prove the common source of title, were compelled to resort to secondary evidence to prove its contents. He did not attempt to controvert the fact of his grantor's insolvency at the time they executed the deed to him, nor to show, though he was their son, that he was ignorant of the fact of such insolvency at the time the deed was made. Hence there is nothing in his objection to the introduction of the deed that he was a bona fide purchaser.

As the premises in controversy had long since, before the deed was made to plaintiff in error, ceased to be the homestead of M. P. Kerr and wife, it was subject to defendants in error's judgment when the deed, under which Monroe Kerr claims it, was made, and he, having failed to show that he was a purchaser for value in good faith, can not defeat the title acquired by defendants in error at execution sale, and in our opinion the conveyance to him was fraudulent.

The judgment of the District Court is affirmed.

*Affirmed.*