## EMIL HEINEMIER ET AL v. LOUISE ARLITT.

### Decided April 2, 1902.

**1.—Guardianship—Vacating Appointment.**

Article 1917, Revised Statutes, providing for vacating letters of administration, granted to one person, on application of another who has a prior right thereto under the statute, applies, by force of article 2558, equally to letters of guardianship.

**2.—Guardianship—Right to as Between Stepmother and Kindred.**

The kindred of a minor by blood have a prior right to his guardianship over that of a stepmother.

**3.—Practice on Appeal.**

A contest over guardianship may be remanded, instead of finally determined on appeal, where the conditions may be changed since the former trial, as by the minor reaching the age entitling him to select his guardian.

Appeal from Comal. Tried below before Hon. L. W. Moore.

*F. J. Maier,* for appellants.

*Aug. E. Altgelt* and *H. J. Huck,* for appellee.

KEY, ASSOCIATE JUSTICE.—This suit involves a contest over the right to be appointed guardian of the persons and estates of William and Max Arlitt, minors. It originated in the County Court, but was appealed to the District Court, where judgment was rendered awarding the guardianship to Mrs. Louise Arlitt. From this judgment an appeal has been prosecuted. The trial court filed the following findings of fact:

"1. The minors Max and William Arlitt are 13 and 11 years old. Their father and mother are both dead. Their mother was the first wife of Herman Arlitt, their father. After their mother died their father married Louisa Helmke, who is now Louisa Arlitt, and on one side contends for the persons and estates of the said minors. Hermann Arlitt, the father of the minors, died about a year ago.

"2. Louisa Arlitt is no blood relative in any degree of said minors.

"3. Emil Heinemier, the other applicant for guardianship, is the uncle of said minors on the mother's side. He is a farmer, industrious and honorable; is married; his wife is a good house wife; he owns a homestead about three miles from New Braunfels, which is an improved farm. He has been married eight years, and has no children. There is a school about 1000 yards from his home. He and his wife are both desirous of having the guardianship of the persons and estates of said minors live with them. They would make good and competent guardians and would furnish said minors a good home, and he is not disqualified.

"4. Henry Heinemier is the grandfather of said minors on their mother's side, his wife being dead. Paulina Arlitt is the grandmother of said minors on their father's side, her husband being dead. The said

two grandparents, joined by the brothers of said minors' father, all join and ask that Emil Heinemier be appointed guardian in preference to Louisa Arlitt. They are willing to take the guardianship themselves, but waive their right thereto in favor of Emil Heinemier but not in favor of Louisa Arlitt. None of them are disqualified.

"5. Louisa Arlitt was appointed guardian of the estates and persons of the said minors, after due and legal notice, by the County Court of Comal County, but she filed no inventory and appraisement in the time required by law, and this was on account of the fact that E. Heinemier filed an application for guardianship before said time expired and after the adjournment of court.

"6. Hermann Arlitt and the mother of said minors owned a lot in New Braunfels, which is the homestead. During the life of said mother a blacksmith shop was built thereon and the residence was nearly completed when their mother died. Their mother contributed $500 towards said buildings, which she received from her father. Hermann finished the residence while a widower. When he married the present guardian, he had some debts. Louisa Arlitt claims that they were debts on said homestead, that over $1000 of the money she received from her father was used to pay off said debts, and that she has an interest in said homestead to said amount. Hermann Arlitt was insured to the amount of $1000 while his first wife was living. He transferred one-half of this to his second wife, Louisa Arlitt, and she claims that $500 of said insurance belongs to her and the other $500 to said minors.

"7. Louisa Arlitt, the stepmother of the said two boys, since the death of their father, has had charge, custody, and care of them. In all respects she has treated them with great kindness and fulfilled all of her duties as a mother to them, sending them to the public school in the town of New Braunfels, where they live. She treated them just as she did her own 5-year-old son. She has manifested and expressed great affection and love for them. And they both manifest and express great affection and love for her as though she was their natural mother, and they showed to the court that they wanted to live with her, instead of Emil Heinemier.

"8. The court finds that Louisa Arlitt is a proper person to have the custody and care of the said two boys and their estate, and would be a better guardian for them than Emil Heinemier. And judgment is accordingly entered appointing her guardian.".

*Opinion.*—A correct decision of this case involves a construction of the following provisions of the probate law of this State:

"Art. 1917. Where letters have been granted to one, and another, whose right thereto is prior, and who has not waived such right and who is not disqualified, makes application for letters, the letters previously granted shall be revoked and other letters shall be granted to the person thus entitled."

"Art. 2558. The provisions, rules, and regulations which govern es-

tates of decedents shall apply to and govern such guardianships, whenever the same are applicable and not inconsistent with any of the provisions of this title."

"Art. 2575. Where the parents of the minor live together the father is the natural guardian of the person of the minor children by the marriage, and is entitled to be appointed guardian of their estates.

"Art. 2576. Where the parents do not live together, their rights are equal, and the guardianship of their minor children shall be assigned to one or the other, according to the circumstances of each case, taking into consideration the interest of the child alone.

"Art. 2577. Where one of the parents is dead, the survivor is the natural guardian of the persons of the minor children, and entitled to be appointed guardian of their estates.

"Art. 2578. The surviving parent of a minor may, by will or written declaration, appoint any person not disqualified to be guardian of the persons of his or her children after the death of such parent; that such person shall be entitled to be appointed guardian of their estates also after the death of such parent.

"Art. 2579. Where the minor is an orphan, and no one has been appointed by the parent to be the guardian of such minor, as provided in the preceding article, the nearest ascendant in the direct line of such minor, if not disqualified, is entitled to the guardianship of both the person and estate of such minor.

"Art. 2580. If there be more than one ascendant in the same degree in the direct line, they are equally entitled, and the guardianship shall be given to one or the other, according to circumstances, taking into consideration the interest of the orphan alone.

"Art. 2581. In case the orphan has no ascendant in the direct line, the guardianship shall be given to the nearest of kin in the collateral line, who comes immediately after the presumptive heir or heirs of the orphan; and if there be two or more in the same degree, the guardianship shall be given to one or the other, according to circumstances, taking into consideration the interest of the orphan alone.

"Art. 2582. If there be no relative of the minor qualified to take the guardianship, or if no person entitled to such guardianship applies therefor, the court shall appoint some proper person to be such guardian."

"Art. 2585. The following persons shall not be appointed guardians:

"1. Minors, except the father or mother.

"2. Persons whose conduct is notoriously bad.

"3. Persons of unsound mind.

"4. Habitual drunkards.

"5. Those who are themselves or whose father or mother are parties to a law suit, on the result of which the condition of the minor or part of his fortune may depend.

"6. Those who are debtors to the minor, unless they discharge the

debt prior to such appointment; but this subdivision does not apply to the father or mother of such minor."

While article 1917 is embodied in the statute regulating the estate of decedents, still it is made applicable to guardianship proceedings by article 2558. Hence we hold that appellants, if in the first instance entitled to preference over Mrs. Arlitt, had the right, at the time and in the manner disclosed by the record, to attack her appointment as guardian and have her letters revoked. We also hold that, within the purview of the statute quoted, she is not a parent of the minors; and therefore is not given preference as to the right of guardianship over the blood relatives. We are satisfied that the term parent, as there used, does not include a stepfather or stepmother. This being the case, and the other blood relatives having waived their right in favor of the uncle Emil Heinemier, and the court having found on testimony which supports the finding, that he was not disqualified and would make a good and competent guardian, he is entitled to the position, unless the courts have the power to arbitrarily disregard the statute.

In our opinion, when a person designated by the statute as having the prior right of guardianship is not disqualified by reason of matters mentioned in article 2585, then such person is entitled to be appointed guardian, although the court may be of the opinion that some other person, not given preference by the statute, would fill the position better. The Legislature has the power to make its laws mandatory upon the courts, as well as others, and when it is reasonably certain that such was the purpose of the Legislature, it is the duty of the courts and others charged with the enforcement of statutory law to execute the legislative purpose, although, in some instances hardships may result. Blackwood v. Blackwood, 92 Texas, 482.

The statute provides, in more than one article, that when two or more persons have equal right to be appointed guardian the court may exercise discretion, and should be controlled alone by the interests of the minor; and having conferred discretion in certain designated instances, it is fair to presume that it was not intended that discretion should be exercised in other instances.

Hence we conclude that the District Court erred in appointing Mrs. Arlitt guardian, and hold that Emil Heinemier should have been appointed in her stead. The case, however, will be remanded, because the record indicates that one of the minors may have attained the age which entitles him to select his own guardian; and by the time the case is reached again in the District Court, other conditions may not be the same as they were at the last trial.

*Reversed and remanded.*