## BURNS v. PARKER et al.

(Court of Civil Appeals of Texas. Dallas. March 15, 1913. Rehearing Denied April 5, 1913.)

1. GUARDIAN AND WARD (§ 10*)—APPOINTMENT—SELECTION BY WARD.

Under Rev. Civ. St. 1911, arts. 4079, 4084, the right of a minor to select his own guardian is absolute if he does not select any of that class of persons excluded by the statute, and the person so selected is suitable and competent.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 23–33; Dec. Dig. § 10.*]

2. GUARDIAN AND WARD (§ 10*)—APPOINTMENT—COMPETENCY OF GUARDIAN.

Rev. Civ. St. 1911, art. 4078, provides that a party to a lawsuit on the result of which

the condition or fortune of a minor depends or a person not discharging an indebtedness to him prior to such appointment shall not be appointed guardian of any minor. In a proceeding by the adopted mother of a minor ward to be appointed his guardian, judgment was entered removing his acting guardian and appointing her, and pending appeal to the district court, the acting guardian suing for the benefit of the ward brought trespass to try title and for rents, the suit resulting in a judgment that buildings erected by her were intended as a gratuity to the ward, and that she was not indebted to him, and thereafter the order removing the acting guardian was affirmed and she was appointed guardian. *Held*, that the issues in the suit to try title were not material to her competency, since the interests of the ward were fixed by law, and since any ground of objection to her had been removed before her appointment.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 23–33; Dec. Dig. § 10.*]

3. Pleading (§ 239*)—Amendment—Costs.

An action in the county court to substitute plaintiff for defendant as guardian was filed, when there was no litigation pending between plaintiff and defendant, as acting guardian, that might affect the minor's fortune and plaintiff's right to the appointment, and the amended application filed in the district court on appeal merely alleged removal of a disqualification which had developed pending the action. *Held* that, as plaintiff did not set up in the district court a new cause of action, the rule that a cause of action may be amended on appeal from the county court to the district court upon payment of costs in the discretion of the trial judge had no application.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 626–635; Dec. Dig. § 239.*]

4. Guardian and Ward (§ 19*)—Selection and Competency—Statutes.

Under Rev. Civ. St. 1911, art. 4084, giving a ward on attaining the age of 14 years the right to select a new guardian, the question as between an acting guardian and the one selected by a minor ward is wholly a question of the competency of the guardian selected, and the fact that the acting guardian had acted at the oral request of the ward's father, that to appoint the guardian selected would place his funds under control of one not related to him, and that the acting guardian had competently and profitably managed his estate were not material to and did put in issue the competency of the guardian selected.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. § 72; Dec. Dig. § 19.*]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Proceeding by Jennie E. Parker and others against J. H. Burns. From a judgment removing defendant as guardian of the estate of Ernest L. Burns, a minor, and appointing plaintiff, defendant appeals. Affirmed.

Morris & Pope, of Dallas, for appellant. Geo. A. Titterington, of Dallas, for appellees.

RASBURY, J. This is an appeal from the judgment of the Sixty-Eighth district court of Dallas county entered upon the verdict of a jury removing appellant as guardian of the estate of Ernest L. Burns, and appointing in his place and stead the appellee Jennie E. Parker. The proceeding was originally filed in the county court of Dallas county, where judgment was also entered removing appellant, and from which order appellant appealed to the district court with the result stated.

For the purpose of intelligently considering the issues raised by the brief of appellant, it is only necessary to state that appellee's pleading sought to remove appellant as guardian on the ground that the ward, who at the time of the filing of the application was 14 years of age, had in writing selected appellee Jennie E. Parker as his guardian in the manner provided by statute. Appellant opposed the appointment of appellee under the ward's selection on the ground (1) that the father of the ward at his death orally selected appellant to act as guardian; (2) because the ward had been adopted by Jennie E. Parker and her deceased husband, Theodore Nussbaumer, and appellee having since married W. B. Parker, who had children by his former wife, it would not be to the interest of the ward to have appellee as his guardian; (3) that to appoint appellee guardian would be to place the estate of the ward under the control of appellee's husband, W. B. Parker; (4) that appellee Jennie E. Parker was, as survivor of the community estate of herself and her former husband, indebted to the ward; (5) that appellant was guardian of certain undivided property of the ward and his two brothers, and it would entail double expense to have two guardians administering the same property; (6) that the ward had been overreached and influenced against his best interest in the selection of a guardian.

It is proper and will be of assistance to state at this point that Jennie E. Parker was formerly the wife of Theodore Nussbaumer, and that during the lifetime of Nussbaumer he and his wife, now Jennie E. Parker, being childless, adopted Ernest L. Burns when a child of tender years, made him their lawful heir, moved him into their family circle, where he remained up to Nussbaumer's death, and has been since that time living with Jennie E. Parker. Nussbaumer and his wife at that time had their homestead upon an acre of land in the city of Dallas, which was the separate estate of Nussbaumer. After the death of Nussbaumer, his wife, with her separate means, built four rent houses upon a portion of the homestead lot. After the appeal of the instant case from the county court, and before a trial in the district court, appellant filed suit in trespass to try title for the benefit of his ward against Jennie E. Parker for title and possession of part of the Nussbaumer homestead and for rents, etc. The district judge upon the filing of the suit in trespass directed that the proceeding to remove appellant as guardian await the determination of that suit. The suit in trespass was finally disposed of in this court on appeal, and is reported as Burns v. Parker, 137 S. W. 705. The result of that

suit was, in substance, that Mrs. Parker abandoned that portion of the homestead lot upon which she built the rent houses, subject only to her life estate in one-third thereof, held the building of the houses to be intended as a gratuity by her to her adopted son, Ernest Burns, ordered partition of certain community lands, and denied any recovery for rents for the reasons stated in the opinion.

[1, 2] Appellant's first and second assignments of error complain of the action of the district judge in sustaining exceptions to that portion of appellant's answer which alleged that Jennie E. Parker was not suitable or competent to act as guardian for his ward because of the facts and issues set out in the suit of trespass to try title, and particularly so because said facts existed and had not been determined and adjusted at the time his ward selected Mrs. Parker for his guardian. Under said assignments, the proposition is asserted that one who is a party to a lawsuit on the result of which a part of the fortune of the minor may depend, or who is indebted to the minor, is disqualified from acting as guardian of such minor. As applicable to the points here raised article 4078, R. S. 1911, 2585, R. S. 1895, provides that persons who "are parties to a lawsuit, on the result of which the condition of the minor or part of his fortune may depend," or persons who are "debtors to the minor, unless they discharge the debt prior to such appointment," shall not be appointed guardians of the estate of any minor, and the right of the minor under articles 4079 and 4084, R. S. 1911, 2586 and 2591, R. S. 1895, to select his guardian, is subordinate to said provisions of the statutes. Then the question arises under the assignments we are discussing, Were the facts developed in the suit of trespass to try title material, and were they admissible in evidence for any purpose upon trial of the instant case? We think not. The right of the minor to select his guardian is absolute if he does not select any of that class of persons excluded by the statute and the person so selected is suitable and competent. Heinemier v. Arlitt, 29 Tex. Civ. App. 140, 67 S. W. 1038. Mrs. Parker at the time she was appointed was neither indebted to the minor nor a party to a lawsuit which might affect his fortune, for by the final judgment of this court in Burns v. Parker, supra, it was determined that Mrs. Parker was not at any time indebted to the minor, and it is not claimed that she was actually a party to a lawsuit at the time she filed her application. The most that can be said is that, after the appeal from the county court to the district court, she was made defendant in a suit which brought her within the provisions of the statute. Conceding then, that a sound legal objection to her appointment developed pending the trial of the appeal from the county court, such objection, nevertheless, had been effectually removed at the time of her appointment. Beyond and beside all that it does not appear from the facts and the opinion in Burns v. Parker, supra, that the attitude or interest of Mrs. Parker therein was at any time such as that the fortune of the minor depended thereon. His interest in the separate estate of Nussbaumer, his adopted father, and the community estate of Nussbaumer and Mrs. Parker, his adopted mother, was not only fixed by law, but she was so careless of her own interests in the estate that she was held by law to have intended a gratuity to him when she erected the several rent houses upon the abandoned portion of her homestead lot.

[3] The third assignment of error complains of the refusal of the trial court to tax the costs of the proceeding against appellee up to the time of Mrs. Parker's disqualification to act as guardian was removed; and under said assignment the proposition is asserted that, while a cause of action may be amended on appeal from the county court to the district court, it can only be done upon payment of costs. The rule stated is correct, with the qualification that the payment of costs would be a matter within the discretion of the trial judge. However, we are of opinion that appellee did not set up in the district court a new cause of action. The cause of action was at all times to substitute Mrs. Parker for appellant as guardian. When the suit was filed in the county court, there was no litigation pending between her and appellant as guardian of the minor that might affect the minor's fortune, and as a consequence Mrs. Parker's right to appointment. That situation developed subsequently. When the amended application was filed in the district court, the cause of action was what it had always been. The only change was to allege the removal of an impediment which had developed during the progress of the suit.

[4] The fourth, fifth, and sixth assignments of error are directed against the action of the trial judge in sustaining demurrers to portions of appellant's answer, which alleged (1) that appellant was acting as guardian at the oral request of the minor's father; (2) that to appoint Mrs. Parker would place the funds of the minor under control of her husband, who was not related to the minor; and (3) that appellant had competently and profitably managed his ward's estate. We are of opinion that all these alleged facts were immaterial since they could, if true, in no respect have affected the right of the ward to select his own guardian subject to the limitations we have already noted. Neither were they material as bearing upon the competency or suitability of Mrs. Parker, since her competency and suitability were not attacked or put in issue by such allegations. It is not a question in such cases of comparative competency and suitability between the acting

guardian and the one selected by the minor, but wholly a question of the competency and suitability of the one selected by the minor. Article 4084, R. S., 1911.

The seventh, eighth, ninth, tenth, twelfth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, twentieth, and twenty-first assignments raise questions which we have discussed, and which render further discussion unnecessary.

The ninth, thirteenth, fourteenth, and eighteenth assignments have been carefully considered, together with the bills of exception upon which they are grounded, and because in our opinion they present no reversible error same are overruled.

Finding no reversible error in the record, the judgment of the court below is affirmed.