SPARKMAN v. STOUT. (No. 966.)

(Court of Civil Appeals of Texas. El Paso. May 1, 1919. Rehearing Denied May 29, 1919.)

1. CONTINUANCE ⊚⟳26(11) — GROUNDS — ABSENT WITNESS.

A motion for continuance, based on absence of nonresident witnesses, was properly overruled, where no effort had been made to take their depositions, and their testimony at a previous trial was read.

2. GUARDIAN AND WARD ⊚⟳10 — PERSONS ELIGIBLE—LAWSUITS.

Vernon's Sayles' Ann. Civ. St. 1914, art. 4078, subd. 5, disqualifying as guardians parties to lawsuits affecting the minor, does not disqualify administrator of minor's deceased parents.

3. GUARDIAN AND WARD ⊚⟳10 — APPOINTMENT OF GUARDIAN — MINOR'S GRANDFATHER.

A minor's grandfather has preference right to appointment as guardian, although court may think some other person better qualified.

4. GUARDIAN AND WARD ⊚⟳29—CUSTODY OF WARD—JURISDICTION.

Possession of a minor cannot properly be awarded in proceedings to appoint a guardian for him.

5. GUARDIAN AND WARD ⊚⟳13(8)—ORDER—SUFFICIENCY.

Upon appeal from a probate court order appointing guardian of a minor's person and estate, a district court order appointing guardian for minor's person only is erroneous, since it did not dispose of entire case.

6. GUARDIAN AND WARD ⊚⟳13(7) — BOND — SUFFICIENCY.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4083, subd. 4, providing that orders appointing guardians shall specify amount of bond and direct clerk to issue letters of guardianship, order omitting these requirements is defective.

7. APPEAL AND ERROR ⊚⟳395—BOND—SUFFICIENCY.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 3632, requiring bonds in appeals from county to district court to be fixed by county court and made payable to county judge, a bond not fixed by county court and made payable to appellee is defective, and appeal should be dismissed, unless bond is amended under article 2104.

8. GUARDIAN AND WARD ⊚⟳29—CUSTODY OF WARD—JURISDICTION.

In proceeding to appoint a guardian for minor's personal property, appealed to district court from county court, a district court order awarding custody of child is void.

Appeal from District Court, Jack County; F. O. McKinsey, Judge.

Application by T. K. Stout for appointment as guardian of G. W. Sparkman, a minor. A probate court order appointing J. W. Sparkman temporary guardian was appealed to the district court, which appointed T. K. Stout guardian of the minor's person, and J. W. Sparkman appeals. Reversed and remanded.

John P. Simpson and John D. McComb, both of Jacksboro, and Hood & Shadle, of Weatherford, for appellant.

Sil Stark, of Jacksboro, J. L. Rudy, of Bowie, and W. E. Fitzgerald, of Wichita Falls, for appellee.

HARPER, C. J. On the 20th day of February, 1917, the probate court of Jack county appointed J. W. Sparkman temporary guardian of the person and estate of Gilbert Wesley Sparkman, a minor under the age of 14 years. The order discloses that J. W. Sparkman was contesting the application for appointment of T. K. Stout at this time, and it further discloses that Jas. M. Sparkman was contesting the appointment of J. W. Sparkman in the event T. K. Stout could not, for any reason, be appointed, and that each prayed for the appointment for himself. T. K. Stout and J. M. Sparkman took an appeal from this order to the district court of said county.

The amended application for letters filed by the parties in the district court alleges that T. K. Stout is the maternal grandfather of the minor and that the Sparkmans are his paternal uncles. J. W. Sparkman, contesting the appointment of T. K. Stout, alleges that said Stout is disqualified by law, and that he is not a proper person to be appointed for the following reasons:

(1) That he is the administrator of the estate of the minor's deceased father, in which the minor has an undivided one-seventh interest; that there are many claims against the said estate; that among them is the claim of said Stout as administrator for fees, commissions, etc., and that he is a party to a suit on the result of which the condition of the minor or a part of his fortune may depend; that he is not a resident of Texas.

The hearing came on with a jury. After hearing the evidence, the court charged the

---

jury to find for T. K. Stout and against the other applicant and contestant, which was accordingly done, and thereupon judgment was entered, appointing T. K. Stout guardian of the person of said minor and awarding him the care and custody of said minor, Gilbert Wesley Sparkman. From this order J. W. Sparkman has perfected his appeal.

[1] The first assignment charges that the trial court erred in overruling motion for continuance. In this there was no error. The testimony of the absent witnesses had been given upon a previous trial of this cause, taken by the court stenographer, and was read in evidence upon this trial. They were nonresidents of the county, and no effort was made to take their depositions.

[2] The second assignment is:

"Material and fundamental error was committed by the trial court in giving a peremptory instruction in favor of the applicant, T. K. Stout, for the following reasons, to wit: (1) The undisputed evidence on the trial showed that the said T. K. Stout was disqualified under subdivision 5 of article 4078, Vernon's Sayles' Civil Statutes of Texas 1914, in that he was and is a party to a lawsuit on the result of which a part of the minor's fortune may depend. (2) And that said T. K. Stout was and is disqualified under subdivision 6 of article 4078, in that he is a debtor to said minor. (3) And further that the evidence in the case raised the issue as to whether or not the said T. K. Stout was and is a resident of the state of Texas. (4) The said T. K. Stout being disqualified, the court should have submitted to the jury which in their judgment James W. Sparkman should be appointed guardian of the person of said minor."

The contention is that because the appellee is the administrator of the estate of the minor's deceased parents, and that it is still pending, and that the minor has an interest in the estate, and this constitutes him a party to a lawsuit, within the meaning of subdivision 5 of article 4078, Vernon's Sayles' Civil Statutes of Texas, which reads:

"The following persons shall not be appointed guardian: * * * (5) Those who are themselves or whose father or mother are parties to a lawsuit, on the result of which the condition of the minor or part of his fortune may depend."

We do not believe this to be the class of action contemplated by this provision. There is no evidence in this record that Stout is personally indebted to the minor. The fact that he holds property of the estate as administrator, which upon final account he may be required to under the orders of court, distribute the minor's share to it, does not make him a personal debtor of the minor.

The appellant requested a charge to the effect:

"That T. K. Stout was disqualified in law to be appointed and to find against him. Then to determine as between the other two applicants

the question, whose appointment would be to the best interest of the minor."

We cannot determine from the propositions and statement whether by this is meant the financial or personal interest of the minor. Since the court by the order appealed from has not appointed the appellee guardian of the estate, we take it that the assignment could only apply to the personal best interest of the minor.

[3] The grandfather has the preference right to the appointment, though the court may be of the opinion that some other person might fill the position better. Heinemier v. Arlitt, 29 Tex. Civ. App. 140, 67 S. W. 1038; Walker v. Finney, 157 S. W. 948.

[4] Possession of the child cannot properly be awarded in this class of proceedings, though the order of the district court is to this effect in this case. The undisputed evidence is that the father placed the child in the custody of Mrs. H. E. Myers, where it still remains, and her right to keep the child cannot be determined in this probate proceeding. Estes v. Presswood, 137 S. W. 145. This observation would not be pertinent, except for the fact that this probate proceeding has been converted into a contest for the custody of a child, instead of a proceeding for lawful appointment of a guardian of its person and estate.

There is nothing in the contention that the trial court should have submitted the question of whether Stout was a bona fide resident of Texas; for the testimony conclusively shows that he was at the time of this hearing a resident of Texas, such as is contemplated by the statute.

But the cause must be reversed and remanded for the following reasons:

[5] (1) The appeal from the county to the district court was from an order appointing a guardian both of the person and estate. This appeal transferred the whole case to the district court and vested in it the sole jurisdiction to determine both questions, and it has only disposed of the one question, viz. "guardianship of the person," thus leaving the appointment of a guardian of the estate suspended.

[6] (2) Article 4083, Vernon's Sayles' Statutes, provides that—

"The order * * * appointing a guardian shall be entered upon the minutes of the court, and shall specify: (1) The name of the person appointed. (2) The name of the ward. (3) Whether the guardian is of the person, of the estate, or of both the person and estate of such ward. (4) The amount of the bond required of such guardian. (5) If it be the guardianship of the estate, the order shall also appoint three or more discreet and disinterested persons to appraise such estate, and return such appraisement to the court. (6) It shall direct the clerk to issue letters of guardianship to the person appointed when such person has qualified according to law."

The order appealed from to this court has neither the fourth nor the sixth subdivision incorporated in it; therefore, if certified to the county court as provided by article 3639, Vernon's Sayles' Statutes, for observance, the person appointed could not qualify because no bond had been fixed, etc. ·

[7] (3) We note that the appeal bond from the county to the district court is made payable to John W. Sparkman, in the sum of $1,000, and we find no order of the county court fixing the amount of the bond.

Article 3632, Vernon's Sayles' Revised Statutes, provides that the county court shall fix the amount of the bond in cases of appeal to the district court, and it further provides that it shall be made payable to the county judge, so the said appeal bond is defective in these respects, and unless amended as provided by article 2104, Vernon's Sayles' Statutes, the district court is directed to dismiss the appeal. Wolnitzek et al. v. Lewis, 162 S. W. 963; Oliver v. Lone Star, etc., 136 S. W. 508.

[8] And (4) because the order of the district court awarding the custody of the child is a nullity. Estes v. Presswood, supra.

For the reasons assigned, the cause is reversed and remanded for proceedings in accordance with this opinion.