## SHEEN v. SHEEN.    (No. 6459.)

(Court of Civil Appeals of Texas. Austin. June 28, 1922. Rehearing Denied Oct. 4, 1922.)

Insane persons ☞34—Wife dismissing divorce suit after insanity of husband not disqualified to act as guardian.

Under Rev. St. 1911, § 4076, providing that the husband or wife of a person of unsound mind is entitled to guardianship in preference to any other person, a wife who had filed suit for divorce against her husband prior to adjudication of his insanity, but dismissed it prior to her appointment as his guardian, was not disqualified under Rev. St. 1911, § 4078, as party to a suit upon the result of which her ward's condition or property depended.

Appeal from District Court, Irion County; C. E. Dubois, Judge.

Suit by Mrs. J. D. Sheen against Mrs. Mae Sheen. From a judgment of the circuit court confirming the appointment by the probate court of defendant as guardian of her husband, a person of unsound mind, plaintiff appeals. Affirmed.

---

Anderson & Upton, of San Angelo, for appellant.

Hill & Hill, of San Angelo, for appellee.

### Findings of Fact.

JENKINS, J. Appellee and W. D. Sheen are husband and wife. Appellant is the mother of W. D. Sheen. On November 10, 1916, appellee filed a suit for divorce against her husband, W. D. Sheen. Shortly after that time he was adjudged a lunatic, and committed to the asylum. No action was taken in the divorce suit while W. D. Sheen was in the asylum. He was discharged from the asylum; and again, on July 17, 1919, he was adjudged insane by the probate court of Irion county, Tex. On July 19, 1919, W. W. Carson was appointed temporary guardian of the estate of W. D. Sheen, which order was renewed on October 4, 1919. On August 3, 1919, appellee made application to the probate court of Irion county, Tex., to be appointed guardian of the separate estate of W. D. Sheen. Appellant filed her opposition to such appointment, alleging as her reason therefor that appellee had filed the suit against her husband above referred to for divorce and for division of property, and to recover her interest in the community property.

On March 6, 1920, the probate court of Irion county appointed appellee guardian of the separate estate of her husband, W. D. Sheen. An appeal was taken from that judgment; and the same was confirmed by the district court of Irion county on April 18, 1921. W. D. Sheen has a separate estate of the value of $1,391, in cash. On September 17, 1919, after her husband was again committed to the asylum, and before her appointment as guardian of his separate estate, appellee dismissed her suit for divorce, and paid all costs therein.

### Opinion.

Appellant filed no assignment of error herein, and appellee insists that we should affirm the decision of the trial court for the reason that fundamental error does not appear from the face of the record.

It is not always easy to determine just what is fundamental error apparent upon the face of the record, and we prefer to rest our decision in this cause upon its merits. Article 4076, Revised Statutes 1911, provides that in case of a person of unsound mind, if such person "have a husband or wife who is not disqualified, such husband or wife shall be entitled to the guardianship in preference to any other person." Article 4078 sets out those who are disqualified to be appointed guardians, the fifth subdivision of which is:

"Those who are themselves, or whose father or mother are parties to a lawsuit, on the result of which the condition of the minor or part of his fortune may depend."

This applies also to the right of a husband or wife to the guardianship of the separate estate, in case the one or the other is adjudged a lunatic.

There is no contention by appellant that appellee is disqualified, except as provided by article 4078, supra. This could not apply in the instant case, because the only suit that the appellee ever had against her husband was that for divorce, which had been dismissed prior to her appointment as guardian. Such being the case, she was entitled as a matter of right to be appointed guardian of the separate estate of her husband. Revised Statutes 1911, art. 4076, supra; Heinemeier v. Arlitt, 29 Tex. Civ. App. 140, 67 S. W. 1038; Burns v. Parker (Tex. Civ. App.) 155 S. W. 673.

Under the undisputed facts in this case, no judgment other than that which was rendered could have been rightfully entered by the trial court; for which reason such judgment is affirmed.

Affirmed.