### PENNY v. HAMPTON. (No. 3203.)

(Court of Civil Appeals of Texas. Texarkana. March 11, 1926. Rehearing Denied April 1, 1926.)

Guardian and ward ⬦10—Grandmother's claim of war insurance of son sued for by son's children conflicts with children's financial interests disqualifying grandfather from acting as their guardian (Rev. St. 1925, arts. 4120, 4122).

Claim by grandmother of war risk insurance of son, killed in war, as against son's children suing to recover insurance, conflicts with financial interests of children, disqualifying grandfather, under Rev. St. 1925, art. 4122, from acting as guardian of orphaned grandchildren, under article 4120, as against uncle not of blood kin.

Appeal from District Court, Cass County; Hugh Carney, Judge.

Application by C. B. Hampton for guardianship of person and estate of J. L. Penny and another, minors, contested by J. P. Penny. From a judgment of the district court, affirming a judgment of the probate court in favor of applicant, contestant appeals. Affirmed.

C. B. Hampton applied for guardianship of the person and estate of J. L. Penny and Alvie D. Penny, minors, and the application was contested by J. P. Penny, who also sought the appointment as guardian. From a judgment of the district court for C. B. Hampton, on the contestant's appeal from a judgment of the probate court for S. B. Hampton, J. P. Penny appeals to this court.

Upon the conclusion of the evidence the district court peremptorily instructed the jury to return a verdict in favor of the appellee, C. B. Hampton. This was error, as insisted by the appellant. The minors were boys, aged six and four years, respectively. Their mother and father were both dead; the father dying first. They had an estate consisting of land and some money. J. P. Penny was the grandfather of the minors; their father being his son. C. B. Hampton was the uncle by marriage of the minors; their mother and C. B. Hampton's wife being sisters. It was proven on the trial, and admitted in the briefs, that both of the applicants are morally and mentally qualified to be the guardian of the two boys. They are both comfortably situated in homes of their own, and both families have special ties of affection for the minors, having cared for, looked after, and administered to, their wants and needs during the long sickness of their mother and father from tuberculosis. It was specially shown that Samuel Lonas Penny, father of the minors, while a soldier in the World's War, timely applied for insurance under the War Risk Insurance Act, designating in the original application his wife, Mrs. May Penny, as sole beneficiary of his insurance, and his mother as alternative beneficiary. The insurance was in full force when the death of the soldier occurred April 4, 1922. He was gassed during the war, and tuberculosis set up. It was further shown that, after the death of the soldier's wife, the grandmother of his minor children collected as her own the insurance installments accrued up to and payable at the time of the wife's death, and was collecting and claiming as her own all the installments subsequently due and payable under the terms of the in-

surance policy; the appellant assisting her to do so. Further, it was shown that the appellee, in the interest of the minors, had employed a firm of lawyers to collect by suit, or otherwise, the installments of insurance payable at the time and after the date of death of the soldier's wife, in the view that upon the death of the wife the unpaid installments due, and when due, became legally payable to the estate of the insured, or to the estate of the deceased mother, instead of to the grandmother as beneficiary.

G. T. Bartlett, of Linden, for appellant.

C. R. Newland and Chas. O. Hines, both of Linden, for appellee.

LEVY, J. (after stating the facts as above). Under the statute of the state the grandfather is expressly given the preference and the absolute right to be appointed guardian of his orphan grandchildren who are minors, as against an uncle not of blood kin. Article 4120, R. S. 1925. Such right cannot be taken away from the grandfather, unless he is disqualified by reason of matters expressly mentioned in article 4122, which relate, besides soundness of mind, to immoral conduct, drunkenness, and disinterestedness from obligations antagonistic to, or conflicting with, financial interests of the minor. Heinemier v. Arlitt, 67 S. W. 1038, 29 Tex. Civ. App. 140; Sparkman v. Stout (Tex. Civ. App.) 212 S. W. 526; Sheen v. Sheen (Tex. Civ. App.) 244 S. W. 286. In this case it was practically conceded that the grandfather was not disqualified or unfit to be the guardian upon any ground moral or mental. The contest and opposition to his appointment was not predicated upon either one of those grounds; therefore the sole question of fact to be determined and arising was that of whether or not the grandfather was disqualified upon the ground of indebtedness and conflict of financial interests with those of the minors. The court was induced to give the peremptory instruction made the basis of complaint in this appeal upon the single ground, as stated in the record, of "a controversy between contestant and the minors over the proceeds of United States insurance, and friends of the minors have placed the minors' claim in the hands of attorneys to bring suit for a part of the proceeds of said insurance. No dispute of fact arises as to this." Undoubtedly a legal disqualification and just objection would exist if the proposed guardian had financial obligations or existing conflict of interest antagonistic to financial interests of the minors in the insurance installments payable. Such opposing influences have a tendency, in the policy of the law, to divide and weaken the strict loyalty which the law demands of a guardian towards his ward; a trust regarded of the highest and most sacred character.

The fact was undisputed, as recited by the court, that the wife of the appellant had already collected the insurance installments accrued up to the time of the death of the soldier's wife and since, and was claiming as her own all installments of insurance to become due and payable since the death of the mother of the minors. She was claiming all of it in virtue of being an alternative beneficiary in the event of the death of the wife of the soldier. She was not made beneficiary by a will. This claim of the grandmother in legal effect would disqualify, within the scope of the statutes, the appellant for appointment as guardian, affecting his absolute freedom from legal duties equally divided as to the minors and the wife in conflicting financial interests. And apparently the appellant himself was in the attitude of a claimant as the alternative beneficiary in the event of the death of his wife. Therefore there did appear as a fact "a claim" of indebtedness on the part of appellant's wife, and in its nature and force adverse to the apparent interests of the minors. It would involve a proceeding or action of some character to determine the justness of the claim of the appellant's wife and of the minors to the insurance. And during the time of pendency of the controversy the appellant would be and continue in the position of one holding a conflict of interests with those of the minors, and not as one with absolute freedom of legal duties toward the minors. It would be deemed, as the trial court decided, "an inconceivable position to put the minors in by appointing as their guardian a person who was claiming adversely to them the major part of their estate."

So far as appears, the legal question arises as to whether or not at the death of the wife after the death of the soldier the unpaid installments of war risk insurance shall become payable to the alternative beneficiaries of the estate of the insured or the estate of the deceased. The final answer to the question must depend upon the proper legal interpretation of the War Risk Insurance Act in the light of the insurance policy, application therefor, and the facts in respect thereto. If the wife of the soldier, as the designated beneficiary and surviving the soldier, is to be legally regarded as the sole and exclusive beneficiary, intended in such case to be such by the soldier and the act, then upon her death the insurance would become payable to her children as in case of intestacy under the laws of descent and distribution; otherwise, the insurance would become payable differently. It becomes necessary to and we do only decide the pertinent thing that there does arise, prima facie, a reasonable legal ground of present disqualification to the appointment of appellant as guardian.

The judgment is affirmed.