### Cole v. Dial, Adm'r.

Where a stranger and the next of kin filed applications for letters of administration, and the latter withdrew his application, whereupon the former was appointed, it was held that the next of kin thereby waived his right to the administration, and could not come in afterwards, under the statute, (Hart. Dig. Art. 1128) and have the first appointee removed and himself substituted.

A surviving partner is not incompetent to receive the appointment of administrator of his deceased partner.

*Quere*, whether this case intimates that the next of kin, when applying for the removal of one who has previously received the appointment of administrator, and the appointment of himself, in ordinary cases, is required to show why he had not applied in the first instance ?

Error from Harrison. The appellant filed his petition in the Probate Court, on the 14th of January, 1852, alleging that he was the brother next of kin of David J. Cole, deceased ; that at the December Term, 1850, he applied for letters of administration on the estate of his deceased brother ; that the defendant in error, as surviving partner of the deceased, then had an application pending for letters of administration on the estate ; that the petitioner withdrew his application and the defendant in error was thereupon appointed administrator ; but that by reason of his having been the partner of the deceased, he is not a suitable person to administer on the estate ; wherefore he prays his removal, and the appointment of himself to said administration. The defendant in error appeared and protested against the action sought by the petitioner, of the Court, because of his having formerly

Cole v. Dial.

made and withdrawn his application for the appointment; and because there were then pending suits against the petitioner in favor of the estate.

The statements of the petition and answer were admitted to be true. The Court refused the application and dismissed the petition, on the ground that the petitioner, by withdrawing his application, had waived his right to the grant of administration on the estate. The petitioner appealed.

*D. S. Jennings*, for plaintiff in error. The Chief Justice dismissed this petition on the ground that the petitioner had waived his right to letters by withdrawing his first application. I am really at a loss to understand this position. For the idea of a waiver would only suggest itself to my mind in a contest between two parties, both having rights, one, perhaps, superior, the other, inferior. In such a case, the party waiving would divest himself of a right which would *ipso facto* and *eo instanti* vest in the person having the inferior right. The only case that I am aware of, where a party can divest himself of a right to any thing without investing some one else, is the case of " *bona waviata*," and that case, (judging from the similarity of the terms,) must have influenced the decision of the learned Chief Justice. I shall not labor to demonstrate that the principle is not applicable. Nothing is more obvious to my mind, than that the principal case was one in which the statute left no discretion to the Court, and that in contemplation of law and common sense, the appellant occupied the same position before the Court, that he would have occupied had he never before applied. ( *Vide* Hart. Dig. Art. 1118, 1123.)

WHEELER, J. It is insisted for the appellant, that he could not waive his right, as the next of kin, to the grant of administration, in favor of the appellee, because, it is supposed, the latter had not any right to administer.

"Waiver is the relinquishment or refusal to accept a right." "It is," it is said, "a rule of the civil law, consonant with "reason, that any one may renounce or waive that which has "been established in his favor." The same rule obtains at the Common Law. "In practice, it is required of every one "to take advantage of his rights at a proper time, and, neg- "lecting to do so will be considered as a waiver." (Bouvier Law Dic. Title "WAIVER.")

In the grant of administration, the law gives the preference to the next of kin, and certain other enumerated persons, but that is a personal privilege, which the party, if he think proper, may decline to exercise. The application of the appellee, in the absence of any one having a legal preference, gave him the right to administer. It appears that his application was pending before the Court, when the appellant applied for the grant as next of kin. When the latter withdrew his application, we must regard him as having waived his superior right, and as tacitly consenting to the appointment of the former: and we think he could not afterwards have the appointment revoked, without showing some cause for annulling the grant, other than his preferred right as next of kin, which he had thus waived. It was, we think, the intention of the statute to which reference has been made as supporting the right of the appellant, (Dig. Art. 1123,) to enable those whose right is preferred, to demand the grant of administration, where from any cause they may have been prevented from asserting their right in the first instance. But we cannot suppose that the law intended that an administrator, legally appointed and qualified, and who is faithfully discharging the duties of the trust, should be removed at the mere instance and pleasure of one who in the first instance virtually declined to accept it, and tacitly consented to the appointment of the former; and whose action, in that regard, gave occasion, or imposed the immediate necessity of the appointment. We think the withdrawal of the plaintiff's application was, under the circumstances, a virtual disclaimer and waiver

of his superior or preferred right to the grant of administration; and that he could not afterwards, and especially after so long an acquiesence unexplained, have the appointment annulled, and that of himself substituted, without showing some other and sufficient cause for revoking the grant. We are of opinion, therefore, that the judgment be affirmed.

Judgment affirmed.