## E. D. MAYES v. R. C. HOUSTON.

### (Case No. 5113.)

1. ADMINISTRATION.— When the son and heir, being next of kin to the deceased, knew of the application and appointment of another person as administrator of his deceased mother's estate, and consented by his silence for the period of two years to the appointment of such other as administrator, the heir in the first place having been appointed temporary administrator, and failed to give bond, there was no error in the refusal of the court to remove the administrator and appoint the heir in his stead.

APPEAL from Wilson. Tried below before the Hon. Everett Lewis.

July 25, 1883, appellant filed his application in the county court of Wilson county to revoke letters of administration on the estate of Mary A. Mayes, deceased, formerly granted to appellee, and to be appointed in his place. The application alleged in substance that appellant was a son and one of the heirs of M. A. Mayes, deceased, and that his right was superior to that of appellee; that appellant had never waived his right and was not disqualified.

Appellee filed his protest against the application, alleging that appellant had waived any right he may have had to administration of the estate:

1st. By failure to object to or protest against the appointment of appellee.

2d. By failing, after having been appointed temporary administrator of said estate, to give a new bond required and to apply for letters of permanent administration.

3d. By lapse of time, in failing, within four years after the death of the intestate and within nearly two years after the appointment of appellee, to make his application for letters of administration.

In the county court, the letters of administration granted appellee were revoked and appellant appointed administrator, from which judgment appellee appealed to the district court.

In the district court, W. R. Story filed his protest against the grant of appellant's application, alleging that he was interested in the estate by virtue of a purchase of the interest of one of the heirs of the intestate; that appellee had administered the estate faithfully and well for years; that before appellee's appointment the estate, while in the hands of appellant, was unprofitable and running to waste; that appellee had made the estate pay, over and above expenses, a revenue of over $800, and that therefore the estate would be more likely to be profitably administered by appellee than by appellant.

E. D. Mayes testified that he was a son and heir of the intestate, and twenty-seven years of age; that his failure to apply for letters of permanent administration was because he could not give the bond required, which would have been $40,600.

The administrator was not of kin to the deceased.

The evidence is unimportant in view of the facts stated in the opinion.

*J. B. Polley* and *W. E. Goodrich,* for appellant, cited: R. S., 1863 and 1864; Dunham *v.* Roberts, 27 Ala., 701; Bigelow on Est., 506; Parsons on Contracts, vol. 2, sec. 799; Hart. Dig., art. 1123; O. & W. Dig., 709, 710; Pasch. Dig., arts. 1273, 1274, 5061, 5560, 5562 and 5564; Cole *v.* Dial, 12 Tex., 100; Page *v.* Arnim, 29 Tex., 54; Burleson *v.* Burleson, 28 Tex., 416.

*B. F. Ballard* and *W. H. Burgess,* for appellee, cited: Pool *v.* Pickett, 8 Tex., 122, and authorities there cited; Mayer *v.* Ramsay, 46 Tex., 375, and authorities there cited and approved; Cole *v.* Dial, 12 Tex., 100.

WEST, ASSOCIATE JUSTICE.— We are of the opinion, under the state of facts disclosed by the record, when taken and considered together, that the district court decided correctly in holding that E. D. Mayes was not at the time of his application entitled to letters of administration on the estate of his mother, Mary A. Mayes, deceased. If he did not actively consent to, it is certain that he knew of and acquiesced in, the appointment of appellee as administrator. He consented to it by his silence, and without objection in any form permitted the appellee to act as administrator of his mother's estate for nearly two years.

Furthermore, the appellant, when originally appointed temporary administrator of his mother's estate, failed to give a bond as required. He also failed then and for years afterwards to apply for letters of permanent administration.

Under the circumstances the district court ruled correctly in refusing to remove the appellee. Hart. Dig., arts. 1118 and 1122 (Probate Acts of 1840 and 1848); 1 vol. Pasch. Dig., art. 1269 and note, also art. 1274 and note (Probate Act of 1870); 2 vol. Pasch. Dig., arts. 5518–5562 *et seq.;* Cole *v.* Dial, 12 Tex., 100; R. S., arts. 1857–1877.

The judgment of the district court is affirmed.

AFFIRMED.

[Opinion delivered June 3, 1884.]