## L. KAHN v. BERTHA ISRAELSON ET AL.

(Case No. 1732.)

1. STATUTE CONSTRUED.— Articles 2709 and 2711 of the Revised Civil Statutes mean that a transcript of proceedings from the county court shall be filed in the district court at the first term after judgment in the county court, and, if this cannot be done, that it shall be filed within sixty days after the appeal is taken.

2. JURISDICTION OF DISTRICT COURT — PROBATE.— From the day when notice of appeal from a county court is given, the appeal is taken, and from that time the district court has jurisdiction of the cause.

3. SAME — APPEAL BOND.— A *supersedeas* bond, not being essential to the appeal, serves no jurisdictional purpose.

4. REMOVAL OF GUARDIAN.— The several grounds for removing guardians enumerated by statute (R. S., arts. 2614–2616) exclude the idea of removal on any ground not so named.

5. SAME — WAIVER OF GUARDIANSHIP.— Though, by virtue of the Revised Statutes (arts. 1864, 2198, 2474), the right of one, who is not otherwise disqualified, to letters of guardianship, is prior to that of the person holding letters already given, still, where such an one requests a person to receive the appointment, and consents to the same, he cannot be heard to ask the removal of such guardian in order to be appointed in his stead. Mayes *v*. Houston, 61 Tex., 690; Cole *v*. Dial, 12 Tex., 100, cited.

6. SAME — SURVIVING PARENT.— That the surviving parent applies for guardianship in such a case does not change the rule. Cook *v*. Bybee, 24 Tex., 280, discussed.

7. SAME — STATUTES DISCUSSED AND COMPARED.— Paschal's Digest of Laws of Texas, arts. 3885, 3886, 3888, discussed.

APPEAL from Harrison. Tried below before the Hon. A. J. Booty.

*Wm. Stedman*, *W. H. Pope* and *Alex. Pope*, for appellant.

*T. P. Young*, for appellee.

STAYTON, ASSOCIATE JUSTICE.— On the 11th of March, A. D. 1884, Mrs. Bertha Israelson, joined by her husband, M. Israelson, filed her application in the county court of Harrison county, Texas, praying to be appointed guardian of the persons and estates of the two minors, Madaline Kahn and Minnie Kahn. The petition set forth the fact that she resided in Harrison county, and the ages and sex of the minors; that petitioner, Mrs. Israelson, was the mother of the minors by a former husband, A. Kahn, who was alleged to have died in July, 1881, and that both minors were then in the county, and were the owners of an estate of the probable value of $5,000. That in September, 1881, L. Kahn, who was a paternal uncle of said minors, was, by the county court of Harrison county, Texas, appointed guardian of their persons and estates, and as such was still acting, and was a resident of Harrison county, and was not the testamentary guardian of the minors, and that petitioner has never waived her right to be guardian of either their persons or estate, and that she was natural guardian and in no ways disqualified, and prayed for citation according to law for removal of L. Kahn, who was alleged to be indebted to the minors in two notes, payable to them when they should marry or become of age,

and stating amount, and that same were not paid, and were executed July, 1881.

April 11, 1884, L. Kahn answered by general demurrer and general denial, and specially that Mrs. Israelson requested him to apply; that he was appointed by the proper court guardian of the estates of said minors; he pleaded a waiver of Mrs. Israelson to the guardianship of the minors' estates. April 11, 1884, a trial was had in the county court, resulting in the court overruling L. Kahn's exception to the application of Mrs. Israelson, and sustaining a general demurrer to his answer, and removing L. Kahn from the guardianship, and appointing Mrs. Israelson guardian of their persons and estates, to which L. Kahn excepted and gave notice of an appeal to the district court.

Notice of appeal was entered on the minutes of the county court, and on the 30th April, 1884, the appellant executed an appeal bond. The district court convened on the 28th April, 1884.

May 2, 1884, the transcript was filed in the district court, and on May 7th the case was called for trial over L. Kahn's protest, and the court then sustained a demurrer to Kahn's answer, with leave to file a trial amendment; the trial amendment was filed, alleging that he was not the guardian of the persons of the minors, and that Mrs. Israelson (who was Mrs. Kahn at the time) waived her right to the guardianship of the estates of the minors in writing, and in writing requested Kahn to apply for and be appointed guardian of the estates of the minors, and that at the instance of said Bertha he applied for and was appointed. That the judgment of the county court of Harrison county, Texas, recites the fact that Bertha waived her right to said guardianship of their estates, and accordingly Kahn was appointed guardian of their estates, and denied that he was indebted to them or either one of them, and that if he was, the same was not due until they marry or become of age, and same existed long before his appointment; and again the court sustained a general demurrer to his answer, and then removed Kahn from the guardianship of the minors' estates, and appointed Mrs. Israelson guardian of their persons and estates, and required bond, and ordered said Kahn to turn the estate of the minors over upon the filing of bond, and ordered the judgment certified to county court. Kahn excepted to the order removing him from the guardianship of the estates of the minors and appointing Mrs. Israelson in his stead.

When the cause was called for trial appellant protested against the trial of the cause at that term, on the ground that, as the tran-

script was not filed in the district court before the first day of the term, it could not be tried until the succeeding term, and the action of the court in forcing the trial of the cause at that term is assigned as error.

The statute does not provide when causes appealed from the county courts shall be tried, but evidently contemplates that the transcript, if there be time to make it out, shall be filed in the district court at the first term after the judgment appealed from may be rendered, and that if this cannot be done, that it shall, at all events, be filed within sixty days after the appeal is taken. R. S., 2709, 2711.

The real inquiry is, when did the jurisdiction of the district court attach to the cause? The appeal was perfected when notice of appeal was given in the county court and properly entered on the record. That was done on April 11, 1884. The bond executed April 30th was not essential to the appeal (R. S., 2707), and subserved no jurisdictional purpose. The sole purpose which it could serve would be to supersede the execution of the judgment. R. S., 2712. The court then had jurisdiction of the cause prior to the first day of the term, by reason of the perfected appeal, and we are of the opinion was authorized to try the cause when it was called on May 7th, as fully as it would have been had the transcript from the county court been filed before the first day of the term.

The ruling of the court below in sustaining demurrer to the answers of the appellant is assigned as error.

The statute declares, "When one of the parents is dead, the survivor is the natural guardian of the persons of the minor children, and entitled to be appointed guardian of their estates." R. S., 2496.

The statute further provides: "If there be no relative of the minor qualified to take the guardianship, or if no person entitled to such guardianship applies therefor, the court shall appoint some proper person to be such guardian." R. S., 2501.

Article 2614, Revised Statutes, gives the grounds on which a guardian may be removed by the county court without notice, as does article 2615, Revised Statutes, give the several grounds on which a guardian may be removed by the court on its own motion, or on the motion of any person interested in the ward or his estate, after citation to the guardian.

None of the grounds named in the two articles embrace the case of removal of a guardian in order that some person who originally had the prior right to the appointment, but who failed or refused to apply for it, may be appointed. It does not follow, because a per-

son was originally entitled to the guardianship of a minor's estate, that a guardian properly appointed, for whose removal none of the grounds named in the statute exists, will be removed to enable the person who originally would have had the better right to be appointed.

Under the recognized rules for the construction of statutes, it would seem that the enumeration of certain grounds for the removal of guardians would exclude the idea that it was intended by the legislature that they might be removed on a ground not named.

It is claimed, however, that as the statute regulating the administration of the estates of deceased persons provides that, "When letters have been granted to one, and another, whose right thereto is prior, and who has not waived such right and who is not disqualified, makes application for letters, the letters previously granted shall be revoked and other letters shall be granted" (R. S., 1864), the same rule must prevail in reference to guardians, by force of art. 2477, R. S., which provides that "the provisions, rules and regulations which govern the estates of decedents shall apply to and govern such guardianships, whenever the same are applicable and not inconsistent with any of the provisions of this title."

Whether this position be correct or not, it is not necessary in this case to determine; for if art. 1864 is applicable to the removal of guardians, even then, if the one who had prior right waived that right, which requesting another to receive the appointment, and consenting to such appointment, would amount to, then such person thus waiving his or her right to the appointment would not be heard to ask the removal of the guardian, in order that he or she might receive the appointment to the vacancy thus to be made. Mayes v. Houston, 61 Tex., 691; Cole v. Dial, 12 Tex., 100.

"Where one of the parents is dead, the survivor is the natural guardian of the persons of the minor children, and is entitled to be appointed guardian of their estates." R. S., 2496. This statute, it will be observed, makes the surviving parent the guardian of the persons of his or her minor children, and this, without any appointment by the county court; but such parent is only entitled to have the guardianship of such childrens' estates. This right, like many others, is one on which such parent, if a qualified person, may insist, but this should be done at a proper time; and if the parent waives this right, by requesting another person to take the guardianship, and such person be appointed, then we are of the opinion that the person so appointed can be removed only for some cause declared by the statute to be a sufficient cause.

The removal of a guardian of a minor's estate, who has been duly appointed, in order to give place to a surviving parent, who has waived such right, is not provided for by the statute; and as the matter is regulated by statute, the courts have no power to engraft upon it a cause for removal not named in it.

The case of Cook v. Bybee, 24 Tex., 280, differs from the present in several respects, and also involved the guardianship of the person of the minor, which we do not understand this case to involve; and while there is much in the opinion in that case which may be construed to hold that it is the right of a surviving parent to have the guardian of the person or estate of such parent's minor child removed, that the guardianship may be given to the parent, yet it must be remembered that the decision in that case was made under the act of March 20, 1848 (P. D., 3884).

Under that act, "the father while living, and after his death, and when there shall be no lawful father, then the mother, if living, shall be entitled to the guardianship of their minor children, and shall have the custody of their persons, education and estates: Provided, that if such estates are given to such minor children by any other person than such parent, the father or mother entitled to such guardianship shall give bond with security, take the oath and return an inventory as hereinafter prescribed for other guardians."

By this statute, the father or surviving mother was made the natural guardian of both the persons and estates of minors; in the event the property of the minor came not from such parent, it was made necessary, however, that bond be given, oath taken, and inventory returned as in cases of guardians appointed by the probate court; and it was only in cases in which the minor had no parent living, or in cases in which living parent was adjudged according to law incompetent or unfit for the duties of guardian, or in cases in which the parent was mismanaging or wasting the estate, that the probate court was required to appoint guardians even of the estates of minors.  P. D., 3885, 3886, 3888.

Under the statutes now in force the surviving parent is the natural guardian of his or her minor child, and *is entitled to be appointed guardian of the minor's estate* (R. S., 2496), but such parent is no longer recognized as the natural guardian of the estate of a minor child.  To acquire such relation to the minor's property an appointment by the county court is necessary, while as to the person, the surviving parent, as under the former statute, without appointment by the county court, is the guardian.

The difference in the statutes in force at the time the case of Cook v. Bybee arose, and the statutes in force now, would render

that decision inapplicable to cases arising under the present law, in so far as the removal of guardians of estates of minors is concerned; but we see no objection to the rule announced in that case, even under the present statute, in so far as the rights of a surviving parent to the guardianship of the person of his or her minor child is concerned, for under both statutes such parent is made such guardian without the appointment of the county court; and unless such parent be found disqualified or unfit to have such guardianship, upon an inquiry made, there is no power in a county court practically to withdraw from such parent the express power given by the statute, by giving the control, care and education of the minor to some other person.

The order of the county court, by which the appellant was appointed the guardian of the estates of the minors, is conclusive so long as it is not set aside by some proceeding having that object directly in view, because of the fact that he was not disqualified to act, and that he was entitled thereto, for these were questions upon which the court was directly called to pass before the appointment was made. R. S., 2507.

For the error of the court in sustaining the demurrer to appellant's answer, the judgment of the court below is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered October 17, 1884.]

THE TEXAS & P. R'Y CO. v. LAURA KIRK.