### R. J. POLASEK v. HENRY JANECEK.

Decided January 30, 1900.

**Guardian—Removal—Preference Right—Waiver.**

Where, the father being dead, the mother waives her right to be appointed guardian of the estate of the minor child in favor of one who is thereupon appointed such guardian, and afterward the mother dies, the grandmother does not become entitled to have such guardian removed and another appointed, in whose favor she waives her right, since a guardian can be removed only for statutory cause. Rev. Stats., art. 1917.

APPEAL from Lavaca. Tried below before Hon. M. KENNON.

*Wm. Blakeslee,* for appellant.

*A. P. Bagby & Son,* for appellee.

GILL, ASSOCIATE JUSTICE.—Frantiska Faist was a minor under the age of 14 years. Her father being dead, her mother waived her right to the guardianship of her estate in favor of R. J. Polasek, the appellant herein, who, upon proper application, was appointed and duly qualified as such guardian.

On the —— day of June, 1899, thereafter, her mother died intestate, the minor inheriting from her an additional estate.

On the 1st day of August, 1899, Rosalie Hermes, the only surviving grandparent of the minor, joined Henry Janecek, the appellee, in an

application for the guardianship of the person and estate of the minor, the grandparent asserting her right to such guardianship by reason of her relationship, but because of her age and sex conceding her unfitness for the task and waiving her right in favor of her coapplicant, Henry Janecek, who was shown to be a suitable person and not disqualified. No misconduct was alleged against appellant, and the right of applicant was urged solely on the ground that Rosalie Hermes had waived her right in his favor. Applicant prayed that the previous order of the court appointing Polasek guardian of the estate and, after the mother's death, guardian of the person, be vacated, and that he, Janecek, be appointed in his stead.

Appellant Polasek responded, demurring to the legal sufficiency of the application in so far as it sought to affect his right as guardian of the estate. He also averred that the mother of the minor, being the natural guardian of the person and entitled to the guardianship of the estate, had waived her rights in his favor and requested him to apply, and that upon his application made upon such waiver and request he had been duly appointed and had duly qualified, and had ever since been acting as guardian of the estate. The order of the court made in vacation appointing Polasek guardian of the person of the minor was conceded to be invalid, and he prayed for a valid order appointing him as such.

The County Court sustained the demurrer to the application, but appointed Janecek guardian of the person of the minor. Upon appeal by Janecek to the District Court, judgment was rendered vacating the former orders of the County Court by which Polasek was appointed guardian of the person and estate of the minor, and appointing Janecek in his stead. The cause is before us on appeal by Polasek.

It is agreed that appellant was appointed during the lifetime of the mother and upon her request and waiver, and that Polasek duly qualified and was acting as the guardian of the estate of the minor at the date of the death of the mother. The questions presented are: (1) Can the grandmother assert her right to be appointed guardian of the estate of the minor as against a guardian thus appointed? (2) Can she assign or waive such right in favor of another, and thereby clothe him with the power to oust the acting guardian?

The right of the grandmother to oust the acting guardian depends upon whether article 1917 of Revised Civil Statutes is applicable to persons entitled to a guardianship where the parent originally holding the right had, prior to her death, waived it in favor of another. In Kahn v. Israelson, 62 Texas, 221, it is held that a parent having once waived the right in favor of another can not revoke the waiver and resume her right. Such an effort on her part was held to be an effort to remove the guardian, and as none of the statutory reasons for removal was averred, it was held that the action could not be sustained, since none of the grounds for removal named in the statute embrace the case of a removal of a guardian in order that some person originally

entitled might be appointed in his stead. The court in that case expressly declined to decide whether article 1917 applied to guardianships generally, but based the decision on the ground of waiver by the mother of her rights.

In Potts v. Terry, 8 Texas Civil Appeals, 394, it was held that a parent, having waived the right in favor of another, could not by will revoke such waiver so as to oust the acting guardian, and that such provision in the will could only become operative upon the death or resignation of the guardian, or removal for statutory cause.

Following the two cases cited, we hold that the waiver of the right by the mother clothed the guardian in whose favor the waiver was made with the right to act as such guardian until removed for statutory cause, and the mother having parted with such right during her life, the grandmother had no right upon which she could insist during the pendency of the guardianship thus created, except by a proceeding to remove the guardian for some cause named in the statute. Since the grandmother could not herself insist upon the right, it follows that Janecek could not. The court erred in so holding.

The County Court could, within its discretion, appoint Janecek guardian of the person, and we are of opinion there was no error in the judgment of the County Court. The judgment of the District Court is reversed and the cause remanded for proceedings in accordance with the views expressed in this opinion.

*Reversed and remanded.*