## NEWBERRY v. GAUNTT. (No. 7715.) *

(Court of Civil Appeals of Texas. San Antonio. March 2, 1927. Rehearing Denied March 30, 1927.)

1. **Insane persons** ⊜⟳34—**Prior right of appointment as guardian of insane person held not lost to minor son, where not expressly waived (Rev. St. 1925, arts. 3360, 3361, 4108).**

Under Rev. St. 1925, arts. 3360, 3361, 4108, prior right of appointment as guardian of insane mother, not expressly waived, *held* not lost to son, a minor at time of appointment, and he was properly appointed to replace former guardian upon becoming qualified.

2. **Insane persons** ⊜⟳35—**Applicant for guardianship of insane person, disqualified because of debt to estate, held properly appointed upon payment prior to appointment.**

Where applicant for guardianship of insane person was indebted to estate at time of filing application, but discharged debt prior to appointment, disqualification was removed and appointment *held* proper.

Appeal from District Court, Karnes County; Covey C. Thomas, Judge.

Application by Ford F. Gauntt for appointment as guardian of Virginia Gauntt, non compos mentis, and for removal of J. M. Newberry, present guardian. From a judgment removing J. M. Newberry and appointing applicant as guardian, J. M. Newberry appeals. Affirmed.

O. G. Hallmark, of Kenedy, James R. Dougherty, of Beeville, and G. C. Robinson, of Ft. Hancock, for appellant.
W. T. Scarborough, of Kenedy, for appellee.

COBBS, J. Appellee filed his application to be appointed guardian of the estate of Virginia Gauntt, his mother, who is non compos mentis, a person of unsound mind, and to remove J. M. Newberry, the present guardian. The motion is predicated upon appellee's prior right as a son, to be so appointed; the appointment having been made while he was, a minor, for that reason he could not exercise his prior right to be so appointed as the administrator.

In his application, among other things, appellee alleged:

That the "estate of the said Virginia Gauntt, a person of unsound mind, would be saved the expense that has been charged to said estate by the said J. M. Newberry, guardian, as commissions by the appointing of the said Ford F. Gauntt guardian, for this reason. That the said estate would then be handled by the said Ford F. Gauntt and the incomes derived therefrom going to the said Virginia Gauntt, and Ford F. Gauntt would have to pay out the commission and expenses as charged by J. M. Newberry, guardian."

---

⊜⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error refused May 25, 1927.

Appellant filed exceptions to the petition on the grounds of insufficiency. In other words, demurred generally. Then specially pleaded:

"That if said Ford F. Gauntt was ever entitled to be appointed guardian of the person and estate of said Virginia Gauntt (which fact this defendant denies), then said Ford F. Gauntt knew of and acquiesced in the appointment of this defendant as guardian for more than two years after his right to make such application accrued, and by reason of such acquiescence said applicant has waived his right to be appointed as such guardian, if any such right he ever had."

The case was tried before the court, without a jury, and the court found for appellee as follows:

"Mrs. Virginia Gauntt is a sister of J. M. Newberry and has heretofore been duly adjudged insane, and such judgment has never been set aside, and she is now in the Southwestern Insane Asylum in San Antonio, Tex.

"Ford F. Gauntt is her only son and only heir at law, is 24 years of age, is a resident of Karnes county, Tex., and is in no wise disqualified to be appointed guardian of the person and estate of said Virginia Gauntt, N. C. M. That said J. M. Newberry as such brother, and before Ford F. Gauntt became 21 years of age, was duly appointed by the county court of Karnes county, Tex., as guardian of the person and estate of said Mrs. Virginia Gauntt, a resident of Karnes county, Tex., and whose property is situated in Karnes county.

"That a few months past, said Ford F. Gauntt, after becoming about 24 years of age, filed his application in the county court of Karnes county, Tex., to have said J. M. Newberry removed as such guardian and to have himself appointed as such guardian, which application was by the county court of Karnes county, Tex., granted. From which action of said county court said J. M. Newberry appealed to this court, and the case was thereupon duly tried in the district court of Karnes county, Tex., at a regular term thereof, on the 10th day of June, 1926, and while the argument was being made by counsel before the court, said Ford F. Gauntt paid to the clerk of the district court of Karnes county, Tex., the sum of $1,349.95, being the amount of principal and interest in full that he was then and there owing to the estate of said Mrs. Virginia Gauntt, and thereupon the court, by its judgment, removed said J. M. Newberry as guardian of the person and estate of said Mrs. Virginia Gauntt and appointed said Ford F. Gauntt as such guardian of the person and estate of said Mrs. Virginia Gauntt and upheld the action of the county court in so removing said J. M. Newberry and appointing said Ford F. Gauntt.

"Conclusions of Law.

"Ford F. Gauntt, being the nearest of kin and being the only son of Mrs. Virginia Gauntt, a person of unsound mind, was and is entitled to be appointed guardian of her person and estate, under the facts heretofore found."

[1] Article 3360, R. S., provides that one not disqualified, having prior rights not waived, who "makes application for letters, the letters previously granted shall be revoked and other letters shall be granted to the person thus entitled." Article 3361, R. S., is to the same effect in respect to persons named in a will as executor, who was under age at the time of the appointment of the executor, may be removed on the application of the minor after reaching the age of 21 years. Article 4108, R. S. of 1925, provides:

"The provisions, rules and regulations which govern estates of decedents shall apply to and govern such guardianships, whenever the same are applicable and not inconsistent with any provision of this title."

This statute is referred to by analogy. That the prior right of appointment is not lost to a person because at the time of the appointment he was a minor, unless expressly waived by him or disqualified, is sustained by all of our authorities. Heinemier et al. v. Arlitt, 29 Tex. Civ. App. 140, 67 S. W. 1038; Polasek v. Janecek, 22 Tex. Civ. App. 411, 55 S. W. 522.

Of course, after one has expressly waived his or her right, as contended, to prior appointment, and some one else is appointed, the prior right is lost too, and no right to remove the appointee exists on the mere ground of privity. Kahn v. Israelson, 62 Tex. 221. Such waiver cannot be revoked. The case of Mayes v. Houston, 61 Tex. 690, is not in point here. In that case the minor had reached his majority. He had been appointed temporary administrator and failed to qualify, and thereafter for years failed to apply for permanent administration, and knew of the appointment of the administrator and made no objection thereto. His action constituted a waiver, which estopped him under the circumstances from removing the administrator.

[2] There is nothing in the contention that because the minor at the time of filing the application was indebted to the estate he was disqualified. This was not ascertained until at the trial, and as soon as discovered he "discharged the debt, which was prior to such appointment and qualification." The payment removed the bar, eo instanti, and he became qualified. No harm or injury resulted to the estate or to any one by this payment.

We see no reversible error assigned, and as substantial justice has been done the judgment is affirmed.