**LEE et al. v. EARNEST et al. (No. 1613.)**

Court of Civil Appeals of Texas. Beaumont.
Nov. 10, 1927.

**Executors and administrators** ⟨═⟩19—Surviving husband held to have waived right to appointment as administrator by acquiescing in appointment of another (Rev. St. 1925, art. 3359).

Surviving husband of deceased *held* to have waived right to appointment as administrator by acquiescing in appointment of another and permitting such other to act as such without objection; Rev. St. 1925, art. 3359, not being exclusive.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

In the matter of the estate of Mrs. Christine L. Earnest. Petition of William S. Earnest and others, praying that he be appointed administrator in lieu of E. D. Lee. The County Court continued Lee's appointment, and petitioners appealed to the district court. The district court instructed a verdict removing Lee, and he and others appeal. Reversed and remanded, with instructions.

Orgain & Carroll, of Beaumont, for appellants.

A. L. Shaw, of Beaumont, for appellees.

WALKER, J. This is an appeal by Lee from a judgment of the district court of Jefferson county removing him as administrator of the estate of Mrs. Christine L. Earnest, and appointing William S. Earnest, her surviving husband. Lee answered Earnest's application by pleading his own appointment and qualification as administrator, and further that Earnest had acquiesced in such appointment, and had waived his rights under the statute. The facts were that Mrs. Earnest, by her will, appointed Will P. Oldham executor. He filed application for probate of the will and to be appointed executor, which application Earnest contested, praying in his contest that he "be granted letters of survivor in community upon the said estate in terms of law." When this contest was filed, Oldham at once notified the probate court that he would not further urge his application, and would not qualify as executor. No further orders were made in this proceeding. On September 4, 1925, after the death of Mrs. Christine L. Earnest on February 25th preceding, her daughter Mrs. Mollie Broussard, joined by her husband, petitioned the probate court for probate of the will. This application was granted, and the will duly probated. On October 5, 1925, appellant E. D. Lee, husband of Kate Earnest Lee, a daughter of the deceased, and one of the heirs named in the will, filed in probate court an application to be appointed temporary administrator of the estate, which application was granted on November 6, 1925, and Lee immediately qualified as such, and notice issued as required by law.

On March 19, 1926, the probate court entered an order making Lee's appointment permanent, fixing his bond, and appointing appraisers. Lee duly qualified as permanent administrator, and at that term of court filed his final report as temporary administrator, showing that he had received $50 from the sale of certain furniture; that he had received no other money or personal property; that he had paid out the sum of $50 for court costs, advertising, and attorney's fees, and

---

⟨═⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that the estate owed him $813.89. On May 10, 1926, William S. Earnest, the appellee herein, filed his petition praying that he be appointed administrator in lieu of appellant Lee. As already stated, Lee answered this application by pleading that Earnest had had notice of his application to be appointed administrator, had acquiesced and consented to his appointment, and had waived his rights to the appointment, and, further, that Earnest was physically incapable of acting as administrator, and was wholly incompetent to act as such. A part of the surviving children of Mrs. Earnest joined in Earnest's petition and prayer, and the others joined in Lee's answer. On hearing in the county court a judgment was entered on August 23, 1926, continuing Lee's appointment. On appeal to the district court Lee offered evidence to sustain his pleading that Earnest had acquiesced in his appointment, and had waived his rights under the statute. This proof showed that Earnest had full knowledge of all steps taken antecedent to the hearing in the district court; that he knew of Lee's appointment as temporary administrator, and Lee testified that Earnest had asked him to sell certain land belonging to the estate. This testimony was not controverted. On conclusion of the evidence the trial court instructed a verdict removing Lee and appointing Earnest.

### Opinion.

The facts show without controversy that appellee Earnest knew of, and acquiesced in, the appointment of appellant as administrator of the estate of his deceased wife, and without objection in any form permitted him to act as administrator of the estate from the time he was appointed temporary administrator, in November, 1925, to the filing of the contest in May, 1926. Lee was active in the discharge of his duties as administrator, selling certain personal property, renting the real estate, and collecting the rent thereon. Under the testimony of Lee, Earnest consented to his appointment, in that he asked him to sell certain property as administrator. The evidence further shows that Earnest intervened in Oldham's application to probate the will, contesting his right to be appointed as executor, and prayed that he be appointed, but abandoned his application, and, after abandoning the matter, made no further appearance in the estate until after the appoint-

ment of appellant and his qualification therein. Under this evidence the district court erred in instructing a verdict in favor of appellee. It is our conclusion that, as a matter of law, appellee has waived his right to appointment under the statute, and that judgment should have been instructed in appellant's favor.

In Mayes v. Houston, 61 Tex. 690, our Supreme Court said:

"We are of the opinion, under the state of facts disclosed by the record, when taken and considered together, that the district court decided correctly in holding that E. D. Mayes was not at the time of his application entitled to letters of administration on the estate of his mother, Mary A. Mayes, deceased. If he did not actively consent to, it is certain that he knew of, and acquiesced in, the appointment of appellee as administrator. He consented to it by his silence, and without objection in any form permitted the appellee to act as administrator of his mother's estate for nearly two years."

See, also, Cole v. Dial, 12 Tex. 100; Kahn v. Israelson, 62 Tex. 225; Polasek v. Janecek, 22 Tex. Civ. App. 411, 55 S. W. 523; Newberry v. Gauntt (Tex. Civ. App.) 292 S. W. 630.

If we understand correctly the position of appellee, he takes the position that the provisions of article 3359, Revised Statutes 1925, which is as follows:

"The surviving husband or wife, or, if there be no such survivor the heirs or any one of the heirs of the deceased to the exclusion of any person not equally entitled, may, in open court, or by power of attorney, duly authenticated and filed with the clerk of the county court of the county having jurisdiction of the estate, renounce his right to the administration in favor of some other qualified person, and thereupon the court may grant letters to such other person,"

—are exclusive. This construction of the article, under the authorities we have just cited, is not sound.

It is our order that the judgment of the district court be reversed and this cause remanded, with instructions that appellee's contest be denied, and that appellant E. D. Lee be confirmed in his appointment as administrator of the estate of Mrs. Christine L. Earnest, and that such further orders be made as required by statute in probate proceedings.

Reversed and remanded, with instructions.