## ALEXANDER v. MOYERS. (No. 850.)

Court of Civil Appeals of Texas. Waco. Dec. 5, 1929.

Rehearing Denied Jan. 9, 1930.

Sarah T. Hughes, of Dallas, for appellant. S. A. Wilkinson, of Ferris, and Tom Whipple, of Waxahachie, for appellee.

GALLAGHER, C. J. This appeal involves a single issue, which is whether appellant Willie May Alexander, by a certain instrument in writing contained in the record, signed by her, renounced or waived her right to administer on the estate of her deceased husband, James Alexander.

Appellee, D. H. Moyers, was on September 13, 1927, on his own application appointed temporary administrator of the estate of said James Alexander by the county judge of Ellis county. The sole purpose of such appointment as recited therein was to collect certain money belonging to said estate which had reverted thereto by reason of the death of Sela Alexander, mother of the deceased and beneficiary in a policy of war risk insurance held by him at the time of his death. The regularity or validity of such grant of administration is not assailed. Appellee qualified as such temporary administrator by taking oath and giving bond two days later. He at the same time, although only a temporary administrator and although no order appointing appraisers is contained in the record, returned an inventory and appraisement of said estate, in which he showed that the commuted value of said claim was $3,633. No other property or claim was listed. Nothing further is shown to have been done by him since such appointment.

Appellant, on April 13, 1928, filed her application or petition in the county court of said county asking that the appointment of appellee as such administrator be revoked, and that letters of administration be granted to her in his stead. Appellee answered, contesting such application on the ground that she had renounced or waived her right to administer on said estate in and by said instrument. A hearing was had in the county court and appellant's application denied. An appeal was taken to the district court, and a hearing on appellant's application had therein. Such hearing was before the court without a jury. The court found that appellant, by the writing aforesaid, had renounced and waived her right to administer on the estate of her said husband, denied her application, and confirmed the appointment of appellee. Hence this appeal.

### Opinion.

The first and principal proposition submitted by appellant is that the writing relied upon by appellee as a renunciation and waiver by appellant of her right to administer on her husband's estate did not meet the requirements of the statute in such cases. The fact that the statute gives the surviving wife prior right to administer on her husband's estate is not questioned. Such right is a valuable one. The priority accorded to the wife is based on the nearness of relationship and the extent of interest, and on the assumption that such relationship and interest will lead her to exercise attentive care and fidelity in the

execution of the trust. In re Campbell's Estate, 192 N. Y. 312, 85 N. E. 392, 393, 18 L. R. A. (N. S.) 606; Cooper v. Cooper, 43 Ind. App. 620, 88 N. E. 341, 342. There was no contention that appellant was disqualified either in law or in fact to administer on such estate. No issue of relative fitness is involved. Heinemier v. Arlitt, 29 Tex. Civ. App. 140, 67 S. W. 1038, 1040; 23 C. J. pp. 1033, 1034, § 92. Our Revised Statutes (Rev. St. 1925, arts. 3359, 3360) provide, in substance, that the surviving wife may by power of attorney, duly authenticated, renounce her right to administer in favor of some other qualified person, but that when letters have been granted to another, and the surviving wife has not waived such right, such letters previously granted shall, upon her application, be revoked and other letters granted to her. The instrument relied on by appellee as constituting a renunciation or waiver by appellant of her right to administer is in the form of a power of attorney. It purported to have been executed by appellant and a sister of the deceased. The right of the latter, if any, in said estate is not made to appear. Said instrument was not acknowledged by either of the signers, but it appears from the statement, of facts that appellant did sign the same. Said instrument by its terms appoints one S. A. Wilkinson attorney in fact for the signers, to collect all funds due them through the death of the deceased. It recites that deceased, who was a soldier in the World War, carried a policy of insurance in which his wife, mother, and sister were beneficiaries; that his said mother was drawing at the time of her death the sum of $23 per month as such beneficiary. The compensation agreed to be paid said attorney for his services was "the sum of a reasonable amount that he may collect for us, to be set by judge, same to be collected as we collect our part and paid to him on each payment we may hereafter receive from the government by the administrator who will be appointed by the County Court." The concluding paragraph of said instrument contains the usual provisions granting full power and authority to act in the premises as the signers could if personally present, with full power of substitution and revocation, and ratifies and confirms all the acts of said attorney or his substitute lawfully done or caused to be done by virtue thereof. Said instrument is dated August 10, 1927. Appellee was appointed temporary administrator on his own application without notice on September 13th thereafter. His application for such appointment does not purport to be in pursuance of any designation or waiver by appellant or by her said attorney in fact. While in his contest of appellant's application he stated that said Wilkinson had caused his appointment under and by virtue of the terms of such instrument, the statement of facts contains no testimony to that effect. No extraneous evidence to aid

in the interpretation of said instrument was introduced. It is therefore before us for construction according to its terms without such aid. We do not think that the provisions of said instrument constituted as a matter of law a renunciation by appellant of her right to administer. While such instrument apparently contemplates the appointment of an administrator, it contains nothing tending to designate or identify the person to be so appointed. Appellant does not therein in terms renounce her right to administer. Neither does she in terms confer such right on Wilkinson, as contemplated by the statute in such cases. Wilkinson apparently did not think that the duty to administer was included in the power conferred and the corresponding obligation imposed upon him by such instrument. The statute does not purport to authorize one entitled to priority in the right to administer upon an estate to empower an attorney in fact to select an administrator nor make such selection conclusive on the one possessing such right. Said instrument contains nothing necessarily inconsistent with the exercise by appellant of her statutory right to administer on her husband's estate. A valuable right should not be held to have been waived or abandoned by vague implications. Her petition to be substituted as administrator in the place and stead of appellee was within the terms of the statutes aforesaid, and nothing contained in the record is sufficient to defeat her right to such relief.

The judgment of the trial court is reversed, and the cause is remanded.