**BEEMAN et al. v. JONES et al.**

**No. 12100.**

Court of Civil Appeals of Texas. Dallas.

Feb. 6, 1937.

J. N. Townsend, of Dallas, for appellants.

C. M. Whitehurst, of Dallas, for appellees.

JONES, Chief Justice.

This suit originated in the probate court of Dallas county, in which court Walter B. Brannon had been appointed administrator of the estate of Wayne Jones, deceased. On the application of C. M. Whitehurst, a creditor of the estate, showing jurisdiction of the probate court of Dallas county, and the necessity for an administration of deceased's estate, applicant prayed that the probate court appoint the applicant as administrator, or appoint some other person suitable to act as such administrator. The court did not appoint applicant, but appointed the said Walter B. Brannon. On the same day Brannon duly qualified by executing the required bond and subscribing to the required oath.

Wayne Jones died January 1, 1933; the application of C. M. Whitehurst was made on August 8, 1934, and Walter B. Brannon was appointed administrator on August 21, 1934. On August 29, 1934, appellee, Mrs. Mollie S. Jones, surviving wife of deceased, filed application to be appointed administratrix of deceased's estate, and asked that the appointment of Brannon be revoked. Appellants herein—Mrs. Beeman, joined pro forma by her husband, and Mrs. Hazel Geraldman, joined pro forma by her husband, all residents of the state of California, the wives being the surviving daughters of Wayne Jones, deceased, by a former marriage—duly contested appellee's appointment. The deceased and appellee, Mollie S. Jones, had been married about three years previous to his death. While these appellants contested the appointment of appellee, they acquiesced in the appointment of Brannon.

The judgment of the probate court sustained the contest of appellants and refused the appointment of appellee as administratrix of the estate of her deceased husband, on the ground, as stated in the judgment, that appellee had waived her right to be appointed administratrix.

Appellee duly perfected an appeal from the order of the probate court, denying her appointment, to the district court. The case was tried in the district court, without the intervention of a jury, and resulted in a judgment decreeing the necessity for the appointment of an administrator of deceased's estate, and decreeing further that appellee, as surviving wife, is entitled to priority in such appointment, that she had never renounced or waived her right to be appointed administratrix of the estate of her deceased husband, Wayne Jones, and that she was in no manner disqualified from receiving such letters; and, further, that the letters of administration heretofore issued to Walter S. Brannon should be revoked. It was further ordered and decreed by the court that the judgment rendered should be certified by the district clerk to the probate court of Dallas county for observance. Appellants have duly perfected an appeal to this court.

Appellee, entitled to priority in the appointment of an administrator, as the surviving wife of deceased, never "in open court, or by power of attorney, duly authenticated and filed with the clerk of the county court of the county having jurisdiction of the estate [Dallas County], renounce his [her] right to the administration in favor of some other qualified person." Article 3359, R.C.S. There was therefore no statutory waiver by appellee of her right to the administration of deceased's estate, and appellants do not contend that any such condition exists in this case.

Our courts; however, have unanimously (so far as we can find) held that one contesting the right of a. surviving spouse to be appointed administrator of the estate of the deceased spouse can show a waiver by acts, verbal statements, and conduct of the surviving spouse, that the right for administration had been waived, and

492

that by reason of such waiver the probate court can appoint another to administer the estate. Armstrong v. Anderson (Tex.Civ. App.) 55 S.W.(2d) 235; 13 Tex.Jur. 665; Lee v. Earnest (Tex.Civ.App.) 299 S.W. 931; Mayes v. Houston, 61 Tex. 690.

██ The appellants in the instant case, in their pleadings, alleged acts, statements, and conduct of appellee that tended to prove waiver on the part of appellee. As shown by a proper bill of exception, after appellee had closed her evidence and rested her case, the learned trial judge, construing said article 3359 as exclusive of any other manner of proving waiver, announced, in effect, that he would hear no evidence except such evidence as complied with the provisions of article 3359, supra. When appellants tendered evidence to prove the allegations in their petition as to appellee's waiver of her right to administer the estate, the court refused to admit it, and this ruling of the court is duly reserved by a bill of exception and presented to this court by a proper assignment of error. Under the above authorities this ruling was error.

This error on the part of the trial court calls for a reversal of this case, for the tendered evidence raised an issue of fact, independent of the statutory waiver, as to whether appellee waived her right of administration.

Reversed and remanded.