### VANNOY v. GIBSON.

No. 12097.

Court of Civil Appeals of Texas. Dallas.

Feb. 13, 1937.

Hamp P. Abney and Lewis E. Bartlett, both of Sherman, for appellant.

Brame & Brame, of Sherman, for appellee.

JONES, Chief Justice.

This suit originated in the probate court of Grayson county. In said court, appellee S. W. Gibson had theretofore been appointed administrator of the estate of R. W. Vannoy, who died about May 5, 1932, in Grayson county, where his residence had been for several years. Gibson was a creditor of his estate, and he applied for the appointment of an administrator on November 18, 1933. Deceased died intestate. The wife had preceded deceased in death for more than four years. She died intestate, and no administration had been had on her estate. The appointment of Gibson as administrator was regular, and no question is raised in this respect.

H. C. Vannoy, appellant herein, is the adult son of R. W. Vannoy, and L. L. Vannoy is a younger adult son. There were three minor children of R. W. Vannoy. The suit was instituted in the probate court of Grayson county, by appellant, H. C. Vannoy, to revoke the letters of administration to appellee, and judgment of the probate court resulted in favor of appellant by a decree of the county court of Grayson county, revoking the letters of administration issued to appellee and appointing appellant as such administrator. This judgment is based on the ground that appellant, being the next of kin, had priority over any one else to be appointed administrator of such estate, and that he had never waived such right of appointment.

This judgment was responsive to appellant's pleading.

Appellee duly perfected an appeal from this judgment to the district court of Grayson county, and a trial de novo was had. This trial resulted in judgment setting aside the former order of the probate court, revoking appellee's letters of administration, on the ground that appellant had waived his right of appointment. This judgment was in response to appellee's pleading.

The issue on this appeal is whether the district court, the case being tried to the court, was justified under the evidence in finding that appellant had waived his right of priority to administer the estate of his deceased father.

■■ It is not claimed by appellee that there was a statutory waiver by appellant, under the terms of article 3359, R.C.S. Neither does the statement of facts show that appellant, either by spoken or written word, agreed that appellee might be appointed administrator. Appellant was not present in court when appellee was appointed, and had no actual knowledge of such appointment until about December 6, 1933, when appellee informed appellant that he had been appointed administrator, and asked his assistance in locating the property of deceased. Deceased's estate consisted of lots in the town of Collinsville, a part of which was the homestead of the family at the time of the death of deceased. The other part was not impressed with the homestead character. In response to this request, appellant showed appellee the land constituting the estate, but no protest of appellee's acting as administrator was made. From the date of the appointment of appellee, the early part of December, 1933, until August 10, 1934, when this suit was filed, appellant never protested appellee's appointment, and never sought in any way to contest same, or to assert his superior right to appointment. During this period of approximately eight months, appellee was acting administrator of such estate, and the first protest by appellant against appellee's appointment was when this suit was filed on said date of August 10, 1934. The trial court held that this was an acquiescence in the appointment of appellee. During all this time appellant, so far as the statement of facts shows, was in a position to contest appellant's appointment. The law in respect to waiver of a superior right to be appointed administrator of a deceased's estate is aptly stated in

13 Tex.Jur. p. 665, par. 80: "A person may waive his right to letters testamentary or of administration by conduct, as well as by express declaration. He will be held to have done so where, without valid excuse, he has failed to contest the appointment of another whose right is shown to have been inferior to his own, or where, being in a position to do so, he has omitted to demand a revocation of letters granted to such other." This text is supported by the following authorities: Mayes v. Houston, 61 Tex. 690; Cole v. Dial, 12 Tex. 100; Alexander v. Moyers (Tex.Civ.App.) 22 S. W.(2d) 727; Heavey v. Castles (Tex.Civ. App.) 12 S.W.(2d) 615; Lee v. Earnest (Tex.Civ.App.) 299 S.W. 931; Mrs. Frances Beeman et al. v. Mrs. Mollie S. Jones et al. (Tex.Civ.App.) 102 S.W.(2d) 490.

■ Appellant shows that he was absent from home in West Texas when the appointment was made, and this fact is perhaps a valid excuse for his not contesting the appointment at such time. However, he returned home shortly after such appointment and was in a position to demand a revocation of the letters granted appellant, but omitted to do so for approximately eight months.

Under the above decisions, the law of this state does not permit one to stand by for such a length of time, permitting the court to administer an estate for months, without a protest. The court was justified in finding waiver on the part of appellant by acquiescence.

It necessarily follows that, in our opinion, this case must be affirmed, and it is so ordered.

Affirmed.