Austin KINSER, Appellant,

v.

Mary Lou HUDGINS, Appellee.

No. 10281.

Court of Civil Appeals of Texas.

Austin.

Feb. 9, 1955.

Rehearing Denied March 2, 1955.

A. W. Moursund, Johnson City, for appellant.

D. Clyde Gardner, Hammond & Hammond, Burnet, for appellee.

HUGHES, Justice.

This is an agreed case which presents the following questions of law:

"1. When a person has been appointed guardian, can another whose right thereto is prior and who has not waived such right, and who is not disqualified, make application to remove the present guardian, and be himself appointed guardian of the ward?

"2. Is a seventeen (17) year old married woman qualified to be appointed guardian of a person adjudged to be of unsound mind?"

Briefly, the facts are:

Austin Kinser, appellant, on November 21, 1952, made application to the County Court of Burnet County for appointment as guardian of the person and estate of Mrs. Elizabeth Bryan, alleged to be a person of unsound mind. This application was granted December 15, 1952, and appellant qualified as such guardian two days thereafter.

On October 22, 1953, Mary Lou Hudgins, appellee, petitioned the County Court of Burnet County to remove appellant as guardian of the person and estate of the incompetent Mrs. Elizabeth Bryan and to have herself appointed as such guardian. The County Court refused this application but on appeal it was granted by the District Court.

Appellee is the granddaughter of the ward, Mrs. Bryan, and is her nearest of kin. When appellant was appointed guardian appellee was a single girl sixteen years of age. Prior to her application in the guardianship proceeding appellee had married and at the time of trial in the County Court was seventeen years of age. She also has had her disability of minority re-

moved for trading and mercantile purposes by the District Court.

It was also agreed that appellee has not waived her right to be appointed as Mrs. Bryan's guardian and that she is not disqualified for such appointment for any reason except her age if, under the law, this is a disqualification.

■ The first question, stated above, is, we believe, answered affirmatively both by our statutes and court decision.

Arts. 4233 and 4234[1] provide for the removal of guardians of persons of unsound mind for numerous causes none of which is involved here.

Art. 4108 provides that "The provisions, rules and regulations which govern estates of decedents shall apply to and govern such guardianships, whenever the same are applicable and not inconsistent with any provision of this title,"[2] and Art. 3360, Title 54, Estate of Decedents provides that "Where letters [testamentary or of administration] have been granted to one, and another whose right thereto is prior and who has not waived such right and who is not disqualified, makes application for letters, the letters previously granted shall be revoked and other letters shall be granted to the person thus entitled."

The exact question presented here was decided favorably to appellee by the San Antonio Court in Newberry v. Gauntt, Tex.Civ.App., 292 S.W. 629, writ refused.

Appellant cites Kahn v. Israelson, 62 Tex. 221, in which the court expressly declined to decide the question here presented and later decided by the San Antonio Court. We do not consider such question to be open for our determination upon principle but if so we would follow the ruling in Newberry v. Gauntt because we see no inconsistency between Art. 3360 and any provision of the Guardian and Ward Title. The causes for removal set forth

in Arts. 4233 and 4234 do not purport to be exclusive although they would no doubt, be so construed but for Art. 4108, which makes applicable the removal provisions of Art. 3360 to guardians.

The second question presented seems to be one of first impression and must be determined by a proper construction of pertinent statutes.

Art. 4625 is a general statute relating to the rights of married women and provides:

"Every female under the age of twenty-one years who shall marry in accordance with the laws of this State, shall, from and after the time of such marriage, be deemed to be of full age and shall have all the rights and privileges to which she would have been entitled had she been at the time of her marriage of full age."

Art. 4104 found in Chapter I of Title 69, Guardian and Ward, defining certain terms "as used in this title" by Section 2 defines minors as being "Females under twenty one years of age who have never been married and males under said age * * *."

Art. 4122 of the same title in designating those persons who shall not be appointed guardians in Section I names "minors, except the father or mother."

■ Without regard to the effect of Art. 4625, supra, we are of the opinion that Art. 4104 by clear and unambiguous language declares that, for all purposes within the Guardian and Ward Title, a woman under the age of twenty-one but who has been married is not a minor.

Appellant disputes this construction on several grounds one being that Art. 4122, Section I, prohibiting minors, except the father and mother from being appointed guardian would be unnecessary as applied

---

1. All statutory references are to Vernon's Annotated Civil Statutes.

2. Title 69, Guardian and Ward.

to the mother unless the statute as to her contemplated only unmarried mothers. We cannot agree that the effect of this statute is to alter the definition of a minor as contained in Art. 4104. We concede that it is cumulative as to a married mother under twenty-one years of age but we are not familiar with any rule or principle of law which would destroy the rights conferred by one statute simply because such rights are also conferred by another statute.

Also it is argued by appellant that if appellee is permitted to benefit from the provisions of Art. 3360 by reason of Art. 4108, as we have held in answering the first question presented, then she must also accept and be bound by Arts. 3353 and 3361 relating to estates of decedents, the first article providing that letters testamentary or of administration shall not be granted to, among others, persons under twenty-one years of age except a surviving wife or husband and Art. 3361 being of similar import. This contention is unsound for the reason that Art. 4108 makes applicable to guardianships proceedings only those provisions of the statutes governing the estate of decedents which are not inconsistent with the provisions of the Guardian and Ward Title. Arts. 3353 and 3361 are inconsistent, in respect of the question under consideration, with Section 2 of Art. 4104 and hence are expressly inapplicable to guardianship matters.

Finally appellant suggests that since a lawful marriage may be contracted by a girl fourteen years of age our decision will result in the absurdity of such child being made guardian of a person and his estate. We appreciate the force of this possibility but our answer must be that if we have correctly construed the statutes involved legislative relief is the only alternative.

■ In our opinion the second question should also be answered in the affirmative.

Our conclusion on the entire case is that the judgment appealed from should be and is affirmed.

Affirmed.