

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

August 8, 1963

Honorable Henry Wade
Criminal District Attorney
Dallas County
Dallas, Texas

Opinion No. C-124

Re: What is the legal definition
of an emancipated minor and
related questions.

Dear Sir:

Your opinion request poses three questions, the first of
which is as follows:

"QUESTION NO. 1. What is the legal defini-
tion of an emancipated minor? Specifically, when
may a minor sign their own operative permit or
permits for their own children? May a wife who
has attained her majority sign an operative per-
mit for her husband who has not attained his ma-
jority?"

We understand from your letter that the term "operative
permit" as used in your request means a permit authorizing a phy-
sician to perform an operation.

Article 5921 of Vernon's Civil Statutes reads as follows:

"Minors above the age of nineteen years, where
it shall appear to their material advantage, may
have their disabilities of minority removed, and be
thereafter held, for all legal purposes, of full age,
except as to the right to vote.

Article 4625 of Vernon's Civil Statutes reads as
follows:

"Every female under the age of twenty-one
years who shall marry in accordance with the laws
of this State, shall, from and after the time of
such marriage, be deemed to be of full age and
shall have all the rights and privileges to which

-614-

she would have been entitled had she been at the
time of her marriage of full age."

The term "minor" is defined in Section 3 (t) of the
Texas Probate Code in the following manner:

"'Minors' are all persons under twenty-one
years of age who have never been married, except
persons under that age whose disabilities of minor-
ity have been removed generally, except as to the
right to vote, in accordance with the laws of this
State."

In Ward v. Lavy, 314 S.W.2d 381 (Tex.Civ.App. 1958),
the Court held that the definition of the term "minor" as set
out in the Texas Probate Code was not limited to the Probate
Code but applied to all legal actions.  The Court held further
that a boy under the age of twenty-one who is married is an
adult.  It necessarily follows that an emancipated minor may
sign their own operative permit or permits for their children.
If for any reason the husband is incapacitated so as to be unable
to sign his own operative permit his wife may sign same.

In view of the above quoted statutes, an emancipated
minor is a person under the age of twenty-one years who is or has
been married or has had his or her disabilities removed under
Article 5921.  The Courts have also held that a woman under the age
of twenty-one years who has been married is not a minor.  Kinser v.
Hudgins, 275 S.W.2d 847 (Tex.Civ.App. 1955).

"QUESTION NO. 2.  Must a death certificate
be signed by a doctor fully licensed to practice
medicine in the State of Texas?"

Rule 40a of Article 4477, Vernon's Civil Statutes, sets
out the requirements for death certificates and reads in part as
follows:

"A certificate of each death which occurs
in this State shall be filed with the local reg-
istrar of the district in which the death oc-
curred. . . .Except as otherwise provided, the
medical certification shall be made by the phy-
sician, if any, last in attendance on the deceased
. . . ." (Emphasis added).

Article 4510, Vernon's Civil Statutes, defines the practice of medicine as follows:

"Any person shall be regarded as practicing medicine within the meaning of this law:

"(1) Who shall publicly profess to be a physician or surgeon and shall diagnose, treat, or offer to treat, any disease or disorder, mental or physical, or any physical deformity or injury, by any system or method, or to effect cures thereof; (2) or who shall diagnose, treat or offer to treat any disease or disorder, mental or physical or any physical deformity or injury by any system or method and to effect cures thereof and charge therefor, directly or indirectly, money or other compensation; . . ."

Article 4498 of Vernon's Civil Statutes requires the licensing and registration of persons practicing medicine in the State of Texas. Under Articles 4498, 4510, and Rule 40a of Article 4477, the term "physician" means one who is lawfully authorized to engage in the practice of medicine in Texas, and in order to lawfully engage in the practice of medicine in this State, a person must be licensed by the State Board of Medical Examiners. Therefore in order to sign a death certificate as a physician, the person must be licensed to practice medicine in accordance with the laws of the State of Texas. Provision is made in Rule 41a of Article 4477 for a death certificate when the death occurred without medical attendance.

"QUESTION NO. 3. Does the law recognize any special status for a prisoner being held on a felony charge by local or county authorities who refuses to accept medical treatment?"

It is well settled that a physician cannot treat or operate on an adult patient without the patient's consent. Nor can he treat or operate upon a minor without the consent of his parent or legal guardian. In emergency cases, when the patient is unconscious a physician may be justified in applying treatment which is reasonable and necessary for the preservation of his life or limb. Moss v. Rishworth, 222 S.W. 225 (Tex.Comm.App. 1920).

The fact that a person is being held on a felony charge or is legally under arrest on any criminal charge does not deprive him or his civil rights. As stated in Texas Jurisprudence, "A

person who is confined in jail to answer to a criminal charge is not thereby deprived of any of his civil rights, except insofar as the detention interferes with his liberty; . . .a convict can dispose of his property by will or deed, can sue for personal injuries received during his imprisonment, . . ." 33 Tex.Jur. 781, Prisons and Prisoners, Sec. 12.

In answer to your third question, a prisoner may refuse medical treatment if he so desires and the sheriff or law enforcement officer who has custody of the prisoner may not compel him to accept treatment or consent to the treatment for him.

## S U M M A R Y

An emancipated minor is a person under the age of twenty-one years who is or has been married or has had his or her disabilities removed under Article 5921 of Vernon's Civil Statutes. A death certificate must be signed by a physician, if any, last in attendance on the deceased, who is fully licensed to practice medicine in the State of Texas. A prisoner being held by local or county authorities has the right to refuse to accept medical treatment.

Yours very truly,

WAGGONER CARR
Attorney General

By *Jack G. Norwood*

Jack G. Norwood
Assistant

JGN:wb:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Harry Gee
Allo Crow
Bill Allen
Pat Bailey

APPROVED FOR THE ATTORNEY GENERAL
BY:  Albert P. Jones